## Roberto HERRERA and Mellie Aguilar, Appellants,

### v.

## The STATE of Texas, Appellee.

### No. 53544.

Court of Criminal Appeals of Texas, En Banc.

Jan. 25, 1978.

Rehearing Denied Feb. 22, 1978.

Bob Kuhn, Austin, for appellants.

Robert O. Smith, Dist. Atty. and Richard E. Banks, Asst. Dist. Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

These are appeals from convictions for possession of more than four ounces of marihuana. The appellants waived a trial by jury and entered pleas of not guilty before the court. The trial judge assessed appellant Herrera's punishment at ten years,

probated, and appellant Aguilar's[1] punishment at five years, probated.

The appellants contend that the trial judge erred by admitting State's Exhibits Nos. 2 through 12, and that the evidence was insufficient to support the trial judge's findings of guilt. We affirm.

The record reveals that at approximately 2:00 p. m., on May 30, 1974, Officer Shaw of the Austin Police Department responded to a reported collision in the 1200 block of Tinnin Ford Drive. When he arrived, Shaw learned that someone in a Plymouth had backed into a parked Fiat and then left the scene of the accident. Shaw investigated the damaged Fiat and found that the trunk had been knocked open.

As Shaw inspected the damage, he noticed two gallon jars which appeared to contain marihuana. Shaw summoned Sergeant Dowdle of the narcotics section. Dowdle arrived and together Shaw and Dowdle removed the substance from the Fiat. Shaw also checked the registration of the Fiat and was informed that the car was registered by one Frederico Herrera from Corpus Christi. Shaw asked the bystanders if anyone knew a person named Frederico Herrera and Shaw was informed that a Manuel Herrera lived in an apartment complex immediately adjacent to the scene of the collision. Someone pointed out the window of apartment # 322 in which Manuel Herrera lived. Shaw and Dowdle saw two marihuana plants in the window.

Dowdle subsequently obtained a search warrant for apartment 322, Consul Apartments, 1201 Tinnin Ford Drive. Shaw, Dowdle and Officer Huckabee executed the search warrant at 4:15 p. m. on May 30, 1974.

When the officers entered the apartment, no one was present. Their search revealed the following contraband: (1) 1.72 pounds of manicured marihuana in the hall closet; (2) 2.31 pounds of marihuana seeds in a bag in the hall closet; (3) 1.89 ounces of loose marihuana in the hall closet; (4) two marihuana plants weighing 1.11 ounces growing near the window overlooking the scene of the collision; (5) 4.78 ounces of marihuana seeds in the hall closet; (6) 2.14 ounces of marihuana "flowering tops" in the refrigerator; (7) .94 ounces of marihuana seeds in the center top dresser drawer in the northwest bedroom; (8) .83 ounces of marihuana "roaches" and seeds on the top of the bar in the kitchen; (9) 2.06 ounces of marihuana seeds on top of the bar in the kitchen; (10) 2.28 ounces of loose marihuana in a metal tray in the northeast bedroom; (11) 1.92 ounces of manicured marihuana in the top right-hand dresser drawer in the northeast bedroom; and (12) 1.05 ounces of loose marihuana on the nightstand in the northeast bedroom. During the search, the officers also seized personal papers and photographs found throughout the apartment.

■ The appellants' first contention is that the personal papers and photographs seized during the search were inadmissible as the product of an illegal search and seizure. Specifically, the appellants assert that the seizure of State's Exhibits Nos. 2 through 12 was not authorized by the search warrant and that these items constituted mere evidence.

State's Exhibit No. 2 was an envelope, seized in the kitchen, addressed to Mr. and Mrs. Manuel Herrera, 1201 Tinnin Ford Road # 332. State's Exhibit No. 3 was a receipt from Brackenridge Hospital. It indicated that Manuel Herrera had paid a bill for Mellie Herrera on November 6, 1973. It was found in the northeast bedroom of the apartment. State's Exhibit No. 4 was a City of Austin utility statement addressed to Roberto Herrera, c/o Mems Herrera, 1201 Tinnin Ford # 322. The due date on the statement was May 21, 1974. This statement was seized in the kitchen. State's Exhibit No. 5 was a City of Austin

1. Appellant Aguilar was indicted under the name Mellie Herrera. At the start of the trial, the appellant stated that her name was Mellie Aguilar, not Mellie Herrera, and that she was not and never had been married to her co-defendant, Roberto Herrera. The trial judge, with the permission of the appellant Aguilar, ordered that the indictment be altered to reflect Aguilar's allegedly correct name.

utility statement which indicated that Roberto Herrera was the customer located at 1201 Tinnin Ford # 322. The due date on the statement was March 21, 1974. This statement was seized in the northeast bedroom. State's Exhibit No. 6 was an envelope addressed to Mr. or Mrs. Mems Herrera, 1201 Tinnin Ford Road, apartment 32_. The envelope had been torn open in such a manner that it was impossible to ascertain if there had been a third letter designating the apartment number. It was postmarked March 9, 1974, and seized in the northeast bedroom. State's Exhibit No. 7 was an envelope addressed to Manuel Herrera, 1201 Tinnin Ford # 322. It was found in the northeast bedroom and it was postmarked on May 18, 1974. State's Exhibit No. 8 was a copy of a contract for the rental of apartment 322, 1201 Tinnin Ford. It was dated May 3, 1974, and the lease began on June 1, 1974. It also indicated that the resident of the apartment would be Manuel Herrera. It was seized in the bar in the kitchen. State's Exhibit No. 9 was a carbon copy of the lease introduced as State's Exhibit No. 8. It was also seized in the kitchen. State's Exhibit No. 10 was an envelope containing a statement from Brackenridge Hospital. It was addressed to Manuel Herrera, 1201 Tinnin For*k* # 322. It indicated that Mellie Herrera was the patient. It was dated August 9, 1973, postmarked August 23, 1973, and was seized in the northeast bedroom. State's Exhibit No. 11 was a photograph of a male subsequently identified as the appellant Roberto Herrera. It was seized in the top left dresser drawer of the northeast bedroom. State's Exhibit No. 12 was a photograph of a female subsequently identified as the appellant Mellie Herrera Aguilar.

The appellants' contention that State's Exhibits Nos. 2 through 12 were mere evidence and not subject to seizure because there was no "nexus . . . between the item[s] . . . seized and [the] criminal behavior," *Warden, Maryland Penitentiary v. Hayden,* 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967), is without merit. In *Haynes v. State,* 475 S.W.2d 739 (Tex.Cr. App.1971), the defendant contended, *inter*

*alia,* that an envelope found during a search of his apartment was the fruit of an illegal search. The envelope, which was addressed to the appellant, had been seized from a cardboard box in which marihuana had been found. This Court there stated:

"In the instant case, the envelope seized was found in the same cardboard carton which contained the marihuana. The testimony relating to the envelope was admitted solely to show that an envelope addressed to appellant at the address searched existed and was found with the contraband. The contents were not admitted into evidence. Under such circumstances, we do not find any violation of appellant's right under the United States Constitution. *Warden, Maryland Penitentiary v. Hayden,* supra.

Further, we perceive no violation of Article I, Section 9, of the Texas Constitution. While the 'mere evidence' rule was followed by this court for a time, recent cases have followed the reasoning of the United States Supreme Court in *Warden, Maryland Penitentiary v. Hayden,* supra, e. g., *Brown v. State* [Tex.Cr. App.], 475 S.W.2d 938; *Satery v. State,* Tex.Cr.App., 455 S.W.2d 294; *Slaton v. State,* Tex.Cr.App., 418 S.W.2d 508." (Footnote omitted)

More closely in point is *Phenix v. State,* 488 S.W.2d 759 (Tex.Cr.App.1972). There, a search of the defendant's apartment yielded an insurance company "Member's Identification Card," a note bearing the defendant's initials, and the defendant's motor vehicle operator's license. The insurance company "Member's Identification Card" and the note were found on top of a desk in plain view, and the license was found in a billfold next to a tobacco pouch that contained marihuana. We there held the exhibits admissible. See also *Oubre v. State,* 542 S.W.2d 875 (Tex.Cr.App.1976).

In the present case, State's Exhibits Nos. 2 through 12 were seized pursuant to the execution of a valid warrant. Some of the items were in plain view. Marihuana was found in every room in which items were seized. The items seized were used for the

purpose of showing the appellants' joint occupancy of the apartment, and this joint occupancy was relevant to the issue of who or whom possessed the marihuana seized therein. The nexus between the search for the marihuana and the evidence of criminal behavior (i. e., State's Exhibits Nos. 2 through 12) was thus established. State's Exhibits Nos. 2 through 12 were properly subject to seizure. *Oubre v. State,* supra; *Phenix v. State,* supra; *Haynes v. State,* supra.[2] The appellants' first contention is overruled.

The appellants' second contention is that the evidence was insufficient to sustain the trial judge's findings of guilt.

■ It is well established that in order to prove possession of a controlled substance the State must prove beyond a reasonable doubt that an appellant exercised actual care, control and management over the contraband and that an appellant had knowledge that the substance was contraband. *Guitierrez v. State,* 533 S.W.2d 14 (Tex.Cr.App.1976); *Woods v. State,* 533 S.W.2d 16 (Tex.Cr.App.1976). Possession of contraband need not be exclusive and evidence which shows that the appellants jointly possessed the contraband is sufficient. *Woods v. State,* supra; *Long v. State,* 532 S.W.2d 591 (Tex.Cr.App.1975). However, where an appellant is not in exclusive possession of the premises, it cannot be concluded that he had knowledge of the contraband and control over it unless there are additional independent facts and circumstances which affirmatively link him to the contraband. *Woods v. State,* supra; *Higgins v. State,* 515 S.W.2d 268 (Tex.Cr. App.1974).

The appellants rely upon our holdings in *Williams v. State,* 521 S.W.2d 275 (Tex.Cr. App.1975); *Wright v. State,* 500 S.W.2d 170 (Tex.Cr.App.1973); *Williams v. State,* 498 S.W.2d 340 (Tex.Cr.App.1973); and *Reid v. State,* 474 S.W.2d 702 (Tex.Cr.App.1972). However, in all of these cases either the defendant(s) or someone else was present when the search was conducted and the contraband seized. Moreover, in each of these cases, except the earlier *Williams* case, the contraband was not in plain view. These two factors distinguish the cases relied upon by the appellants from the instant factual situation.

In the present case, marihuana plants were found growing in the apartment. Marihuana seeds, "roaches," and loose marihuana were found in plain view in the kitchen and in the northeast bedroom. We conclude that the evidence was sufficient to show that whoever possessed the marihuana knew it was contraband. *Cf. Williams v. State,* 524 S.W.2d 705 (Tex.Cr.App.1975).

■ The more difficult question is whether State's Exhibits Nos. 2 through 12 affirmatively link the appellants with the apartment, thereby proving that the appellants jointly possessed and controlled the contraband. A review of State's Exhibits Nos. 2 through 12 reveals that Nos. 2 through 5 and 7 through 10 all bear the address of the apartment. State's Exhibit No. 6 was incomplete as to the apartment number. Moreover, State's Exhibits Nos. 2 through 10 were all addressed to or referred to one or both of the appellants. Finally, State's Exhibits Nos. 11 and 12 were pictures of the appellants. We hold that these facts sufficiently link the appellants to the apartment. *Cf. Haynes v. State,* supra. The appellants' second contention is overruled.

The judgments are affirmed.

**2.** *Cf. Attwood v. State,* 509 S.W.2d 342 (Tex.Cr. App.1974); *Chambers v. State,* 508 S.W.2d 348 (Tex.Cr.App.1974); *Arnott v. State,* 498 S.W.2d 166 (Tex.Cr.App.1973); *Woods v. State,* 533 S.W.2d 16 (Tex.Cr.App.1976).