Richard A. CRUSE, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–85–189 CR.

Court of Appeals of Texas,
Beaumont.

Dec. 18, 1986.

Petition for Discretionary Review
Jan. 14, 1987.

Russell J. Wright, Silsbee, for appellant.

R.F. "Bo" Horka, Dist. Atty., Ben Wagner, Asst. Dist. Atty., Kountze, for appellee.

## OPINION

BURGESS, Justice.

A jury convicted appellant of aggravated possession of a controlled substance. The judge sentenced appellant to twenty-five years in the Texas Department of Corrections and imposed a fine of $10,000. Appellant brings three grounds of error, each claiming the trial court erred in overruling a motion for instructed verdict.

Appellant was indicted for possession of methamphetamine of more than twenty-eight grams but less than four hundred grams. There are additional paragraphs alleging two prior convictions. The indictment, in pertinent part, stated:

RICHARD A. CRUSE ... did ... intentionally and knowingly possess a controlled substance, namely METHAMPHETAMINE of more than twenty-eight grams but less than four hundred grams.

On September 10, 1984, agents of the Texas Department of Public Safety executed a search warrant on a location in Hardin County, Texas. Agent Palmer arrested appellant at the door of a mobile home. He testified that both the mobile home and appellant smelled strongly of methamphetamine. The agents discovered a "laboratory area" in the mobile home. They also found chemical ingredients for making liquid methamphetamine as well as the finished product on countertops in plain view.

We initially consider the grounds of error challenging the sufficiency of the evidence to show appellant's knowledge of and exercise of care, management and control over the controlled substance.

The state must prove that appellant exercised actual care, control and management over the contraband and that he knew it was contraband. *Herrera v. State*, 561 S.W.2d 175 (Tex.Crim.App.1978). Further, where as in this case, appellant is not in exclusive control of the premises because others are present and arrested, there must be additional facts and circumstances linking appellant specifically to the controlled substance to prove he had the requisite knowledge and control. *Harrison v. State*, 555 S.W.2d 736 (Tex.Crim. App.1977). We find those additional facts and circumstances in this case.

Appellant was arrested leaving the laboratory area of the mobile home. The smell of the methamphetamine was within the entire mobile home. Appellant smelled of the methamphetamine. The contraband was in plain view and easily accessible to appellant. The evidence, viewed in a light most favorable to the verdict, *Cordova v. State*, 698 S.W.2d 107 (Tex.Crim.App.1985), is sufficient to sustain the verdict. *See Pollan v. State*, 612 S.W.2d 594 (Tex.Crim. App.1981).

Appellant's remaining ground of error alleges an instructed verdict should have been granted because the state did not prove beyond a reasonable doubt that the methamphetamine weighed more than twenty-eight grams. The testimony in this regard came from a Department of Public Safety chemist:

Q In the form that it's in in [sic] Exhibit 4, it cannot be used; is that correct?
A There is methamphetamine in there, sir. I don't know. Some people may use it in that form. I don't have no way of knowing.
Q And did you run any tests on what else may be included in Exhibit 4?
A No, sir, I was just looking for controlled substances.
Q And did you take an aggregate weight of Exhibit No. 4?
A Yes, sir, I did.
Q And what did you come up with?
A Forty-two point seventeen grams.
Q Forty-two point seventeen grams would include what methamphetamine is in there plus any other substances; is that correct?
A Yes, sir, that's correct.
Q And you have no idea of knowing how much methamphetamine was in there and how much of the other substances is in there; is that correct?
A That's right, sir. I only know that there's a quantity of methamphetamine in there.

.    .    .    .    .

Q Mr. Haby, is it your testimony that you ran a test on Exhibit No. 4; is that correct?
A Yes, sir, that's correct.
Q In it contains, according to your test, methamphetamine; is that right?
A Yes, sir, it does.
Q But you're not able to tell us what quantity of methamphetamine is in that particular exhibit; is that correct?
A That's correct.
Q When you say that—when he asked you what quantity is there, you say, '42.-

17 grams,' that's not entirely correct; is that true?

A That's the aggregate weight.

Q That's the aggregate weight of all of the substances that's in that cup; is that correct?

A Yes, sir, that's correct.

Q And it contains other substances than methamphetamine; is that correct?

A Sir, it contains its diluents and contaminants, yes, sir.

*TEX.REV.CIV.STAT.ANN. art. 4476–15, sec. 4.04* (Vernon Supp.1986) (known as the Texas Controlled Substances Act), makes it unlawful to possess methamphetamine. If the amount of the controlled substance possessed is, by aggregate weight, including any adulterants or dilutants, 28 grams or more, then under *sec. 4.04(c)*, that offense is classified as an aggravated. Further, under *sec. 4.04(d)(1)*, that offense is punishable for life or any number of years not more than 99 or less than five and a fine not to exceed $50,000.

Here, the indictment alleges the methamphetamine to be of more than 28 grams. It does not use the phrase "including its adulterants and dilutants".[1] The state is bound by the allegations in its indictment and must prove them beyond a reasonable doubt. *Doyle v. State*, 661 S.W.2d 726 (Tex.Crim.App.1983). This the state did not do. The instructed verdict should have been granted on this point and the case submitted to the jury on the lesser included offense of possession of methamphetamine of less than 28 grams. The case is reversed and remanded for a retrial on the lesser included offense.

REVERSED AND REMANDED.

BROOKSHIRE, Justice, dissenting.

Respectfully, I dissent. The majority opinion reverses the judgment, holding that:

"[A]n instructed verdict should have been granted because the state did not prove beyond a reasonable doubt that the methamphetamine weighed more than twenty-eight grams...."

A chemist testified that State's Exhibit No. 4 had an aggregate weight of 42.17 grams, Exhibit No. 4 containing methamphetamine. There were some adulterants or dilutents present in Exhibit 4. *TEX.REV. CIV.STAT.ANN. art. 4476–15, sec. 1.02(4)* (Vernon Supp.1986), of the Controlled Substances Act, states:

"(4) 'Controlled substance' means a drug, substance, or immediate precursor...."

There is evidence that other State's exhibits contained methylamine and phenylacetone, being precursors of methamphetamine. These other exhibits, being precursors, could produce a weight of about ¼ to ½ pound of methamphetamine, being greater than 28 grams. The indictment states that Appellant intentionally and knowingly possessed a controlled substance; namely, methamphetamine. The controlled substance did include necessary precursors of methamphetamine.

The Court charged the jury that if the jury found from the evidence beyond a reasonable doubt that Cruse possessed a controlled substance, to-wit: Methamphetamine, in an amount less than 28 grams, "then you will find the defendant guilty of a second degree felony offense." The Court also instructed the jury that if they found possession of more than 28 grams "then you will find the defendant guilty ... of an aggravated offense."

I would hold that the evidence raised a fact issue that the controlled substance amounted to more than 28 grams. That is what the jury found. *Carlsen v. State*, 654 S.W.2d 444 (Tex.Crim.App.1983, Opinion on Rehearing); *Freeman v. State*, 654 S.W.2d 450 (Tex.Crim.App.1983, Opinion on Rehearing); *Denby v. State*, 654 S.W.2d 457 (Tex.Crim.App.1983, Opinion on Rehearing); *Wilson v. State*, 654 S.W.2d 465 (Tex. Crim.App.1983, Opinion on Rehearing) and

---

1. 7 M. McCormick & T. Blackwell, *TEXAS CRIMINAL FORMS AND TRIAL MANUAL* sec. 23.14 (Texas Practice 9th ed. 1985), suggests the inclusion of the phrase, "including any adulterants and dilutants".

*Houston v. State,* 663 S.W.2d 455 (Tex. Crim.App.1984). We are to look at all the evidence in the light most favorable to the verdict or judgment. This rule applies to direct and circumstantial evidence cases.

The character and quality of error taking place in the trial of a felony prosecution, which would require a reversal, must be such that the reviewing court should conclude, from the entire record, that the alleged error resulted in harm and injury to the accused and, further, that the entire statement of facts and record do not authorize or justify the appellate court to conclude that the accused was not harmed or injured. *27 TEX.JUR.3rd, Criminal Law, sec. 4305* (1983); *TEX.CODE CRIM.PROC. ANN. art. 44.23* (Vernon Supp.1986) provides:

> "The courts of appeals and the Court of Criminal Appeals shall hear and determine appeals in criminal actions at the earliest time it may be done, with due regard to the rights of parties and proper administration of justice...."

*TEX.R.APP.P. 78.* See Texas Rules of Appellate Procedure, effective September 1, 1986, Vol. 707–708, S.W.2d, Texas Cases Only, XXIX, LXXVIII (West 1986), which reads:

> "The courts of appeals shall hear and determine appeals in criminal actions at the earliest time it may be done, with due regard to the rights of parties and proper administration of justice.

The record shows that the substances contained in State's Exhibits 2, 3, 4 and 5 were taken from a methamphetamine lab located in Hardin County. State's Exhibit 6 was unequivocally identified as a picture of the inside of the trailer that housed the methamphetamine lab, showing this Appellant to be engaged in the manufacture of methamphetamine.

In *Chambers v. State,* 711 S.W.2d 240, 247 (Tex.Crim.App.1986), the court wrote:
> "Evidence either has probative value or it does not. The burden of persuasion is concerned with the cumulative force of *all* the evidence and simply does not affect the probative force of a particular

piece of evidence, the latter determination being the responsibility of the fact-finder. Cf. Art. 36.13, V.A.C.C.P." (Emphasis theirs)

It is interesting to note that Richard Alton Cruse was convicted in the District Court of Harris County, Texas, in May, 1981, of unlawfully, knowingly and intentionally possessing an unlawful drug; namely, methamphetamine.

I would affirm the judgment and sentence below.