**Craig William REEVES, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–87–012–CR.**

Court of Appeals of Texas,
Fort Worth.

Dec. 31, 1987.

Rehearing Denied Feb. 4, 1988.

Danny D. Burns, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., and Chris Marshall and David L. Richards, Assts., Fort Worth, for state.

Before FENDER, C.J., and HILL and KELTNER, JJ.

## OPINION

HILL, Justice.

Craig William Reeves appeals from his conviction by a jury of the offense of aggravated delivery of a controlled substance, amphetamine of more than twenty-eight but less than four hundred grams. Upon Reeves' plea of true, the jury found that the State's enhancement allegations were true and assessed Reeves' punishment at forty-seven years and six months in the Texas Department of Corrections and a fine of $60,000.00. In three points of error, Reeves urges that the evidence is insufficient since it does not establish that the amount of amphetamine, excluding adulterants or dilutants, is more than twenty-eight grams, and that the trial court erred in denying a mistrial after a prosecution witness injected an extraneous offense into the trial.

We affirm, because we find that the evidence is sufficient to establish that Reeves delivered amphetamine in excess of twenty-eight grams, and because we find that any harm in the testimony of which Reeves complains was cured by the trial court's action sustaining Reeves' objection and instructing the jury to disregard the testimony.

Reeves asserts in point of error number one that the evidence is insufficient to support his conviction, because the evidence does not reflect that he delivered more than twenty-eight grams of amphetamine, excluding adulterants or dilutants.

The testimony reflected that Reeves delivered to a police officer a substance weighing 29.7600 grams. The substance contained amphetamine, but the exact percentage was not determined. Article 4476–15, section 4.03(c) provides that:

(c) A person commits an aggravated offense if the person commits an offense under Subsection (a) of this section and the amount of the controlled substance manufactured, delivered, or possessed with intent to manufacture or deliver is, by aggregate weight, including any adulterants or dilutants, 28 grams or more.

TEX.REV.CIV.STAT.ANN. art. 4476–15, sec. 4.03(c) (Vernon Supp.1988). Under the provisions of this section, in determining the weight of the controlled substance, for the purpose of determining whether or not the offense is aggravated, the aggregate weight is to include any adulterants or dilutants. The State alleged that the controlled substance, amphetamine, was more than twenty-eight grams, but less than four hundred grams. For the purpose of the Controlled Substances Act, "[c]ontrolled substance" means "a drug, substance, or immediate precursor listed in Schedules I through V or Penalty Groups 1 through 4 of this Act." TEX.REV.CIV. STAT.ANN. art. 4476–15, sec. 1.02(4) (Vernon Supp.1988). However, in section 4.03(c) the term is expressly broadened to include adulterants and dilutants. Accordingly, in an indictment for aggravated delivery of a controlled substance pursuant to section 4.03(c), the use of the term "controlled substance" includes adulterants and dilutants. There is therefore no variance between the allegations in the indictment and the proof presented. *Id.*

Reeves relies on the case of *Cruse v. State*, 722 S.W.2d 778 (Tex.App.—Beaumont 1986, pet. ref'd). In *Cruse*, the court held that the evidence was insufficient to prove the allegations of the indictment because the State had not proved its allegation that the controlled substance weighed more than twenty-eight grams. The court pointed out that the indictment did not limit the term "controlled substance" by the phrase "including its adulterants and dilutants." *Id.* at 780. As we have previously stated, the use of the phrase in the indictment is not necessary because it is apparent from section 4.03(c) of article 4476–15 that the term "controlled substance," as used in the context of that section, includes adulterants and dilutants. Given the context of that section, the State alleged, in effect, that Reeves delivered amphetamine, including adulterants and dilutants, in excess of twenty-eight grams, but less than four hundred grams. The State proved those facts. We hold that the evidence is sufficient to support the conviction. We overrule point of error number one.

In two additional points of error, Reeves complains that the trial court erred by denying him a mistrial based on references by a State's witness to an extraneous offense. In each instance the trial court sustained his objection and instructed the jury to disregard the testimony. We have considered both points and find that harm, if any, was cured by the trial court's action in sustaining Reeves' objections and instructing the jury to disregard the testimony. *See Davis v. State*, 642 S.W.2d 510, 512 (Tex.Crim.App.1982). We overrule points of error numbers two and three.

The judgment is affirmed.