Terry **BRUNSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. C14–87–372–CR.

Court of Appeals of Texas, Houston (14th Dist.).

April 7, 1988.
Discretionary Review Refused
July 13, 1988.

Stanley F. Swenson, Houston, for appellant.

William R. Turner, Todd Jermstad, Bryan, for appellee.

Before JUNELL, CANNON and ELLIS, JJ.

## OPINION

JUNELL, Justice.

Terry Brunson appeals a felony conviction for possession of less than 28 grams of methamphetamine. A jury found appellant guilty and the court assessed punishment at fifteen years and one day imprisonment in the Texas Department of Corrections.

In six points of error appellant alleges the trial court erred in (1 and 2) failing to grant appellant's motion for directed verdict on guilt or innocence with respect to the methamphetamine possession charge; (3) failing to comply with Tex.Code Crim. Proc.Ann. art. 36.27; (4) improperly responding to an inquiry made by the jury; and (5) commenting on the weight of the evidence during the punishment phase. In his final point of error he asserts that the evidence is insufficient to sustain his conviction. We reverse the judgment.

The facts are as follows: On August 15, 1986, four narcotics investigators with the Texas Department of Public Safety and two College Station police officers executed a valid search warrant on a two-story apartment unit located in College Station. The apartment lease was in the name of Dana Coffman, with appellant listed in the lease agreement as an occupant.

As the six men approached the apartment they noticed that the apartment door was open and Mason Rittman was standing outside the door. The men identified themselves as police officers, stated their purpose and entered the apartment. Once inside the apartment they saw appellant standing in the kitchen/dining room doorway. Michella Nichols and John Reed were with appellant on the first floor of the apartment. Ms. Nichols worked for the apartment management company and had entered the apartment only a few moments before to collect the rent. Appellant and John Reed were immediately arrested. Ms. Nichols and Mason Rittman were detained and later released.

The search of the apartment unit lasted approximately three hours. While Investigator Robert L. Wilkerson was searching an upstairs office area, he found four baggies containing methamphetamine inside a gold case on top of the office desk. He also saw a small set of green scales. One of the scale trays contained a small quantity of what appeared to be methamphetamine. The investigator also found a cigarette case on the right side of the desk containing a baggie that appeared to contain heroin, a clear glass vial containing a substance and a syringe containing what appeared to be human blood. Another baggie, containing a white powder, was found inside the top left desk drawer. The investigator also discovered various writing tablets and papers on and around the desk which appeared to be records of drug transactions. The tablets and papers were seized by the officers during the execution of the search warrant. Two writing tablets were marked with the initial "T".

During the execution of the search warrant several individuals entered the apartment and were detained. One of the individuals was arrested when the officers found syringes in her purse.

█ In his third point of error appellant argues that the evidence is insufficient to sustain his conviction because there are no affirmative links to prove that appellant possessed a controlled substance. We agree. Ordinarily the function of the reviewing court is not to determine whether it believes the evidence relied on to establish guilt, but instead whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Griffin v. State,* 614 S.W.2d 155, 159 (Tex.Crim. App.1981); *Earvin Jr. v. State,* 632 S.W.2d 920, 922 (Tex.App.–Dallas 1982, pet. ref'd). The evidence must establish more than a suspicion of guilt. *Ford v. State,* 571 S.W. 2d 924, 926 (Tex.Crim.App.1978). In reviewing narcotics convictions based on circumstantial evidence, the appellate court must examine the record to determine whether there is a reasonable alternative explanation of the circumstances which a rational trier of fact would have to accept as raising a reasonable doubt of the appellant's guilt. *Earvin Jr. v. State,* 632 S.W. 2d at 923. A conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the defendant's guilt. *Bryant v. State,* 574 S.W.2d 109, 111 (Tex.Crim.App.1978).

In order to establish the unlawful possession of a controlled substance, the state must prove two elements: (1) that the accused exercised care, control, and management over the contraband, and (2) that the accused knew the matter possessed was contraband. *Cude v. State,* 716 S.W.2d 46, 47 (Tex.Crim.App.1986); *Rhyne v. State,* 620 S.W.2d 599, 601 (Tex.Crim.App.1981); *Dubry v. State,* 582 S.W.2d 841, 843 (Tex. Crim.App.1979). Possession of contraband need not be exclusive and evidence which shows that the accused jointly possessed the contraband with another is sufficient.

*Woods v. State,* 533 S.W.2d 16, 18 (Tex. Crim.App.1976); *Long v. State,* 532 S.W.2d 591, 594 (Tex.Crim.App.1975), *cert. denied,* 425 U.S. 937, 96 S.Ct. 1670, 48 L.Ed.2d 175 (1976). However, where the accused is not in exclusive possession of the place where the substance is found, it cannot be concluded that the accused had knowledge of and control over the contraband unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband. *Wiersing v. State,* 571 S.W.2d 188, 190 (Tex.Crim.App. 1978). The issue then is whether the state established such independent facts and circumstances to affirmatively link appellant to the methamphetamine.

The state asserts that an affirmative link exists between appellant and the narcotics because appellant was a resident of the apartment. Appellant was on the first floor of the apartment at the time of the search. All drugs found during the search were found on the second floor. Furthermore, mere presence at the scene of an offense does not make one a party to joint possession. *Waldon v. State,* 579 S.W.2d 499, 501 (Tex.Crim.App.1979). The record shows that Dana Coffman negotiated and signed the apartment lease agreement. Appellant was listed in the lease agreement as an *occupant* of the apartment and not as a resident. The lease agreement stipulated that all residents must execute the rental agreement. Appellant never executed the lease agreement. There was no showing that the apartment was under the control of appellant. *Williams v. State,* 498 S.W.2d 340, 341 (Tex.Crim.App.1973). The apartment manager testified that she dealt with Ms. Coffman when the rent was due. Even if appellant was a resident of the apartment, that in itself will not constitute an affirmative link to narcotics. Possession requires the exercise of control over the drugs allegedly possessed. *McGoldrick v. State,* 682 S.W.2d 573, 578 (Tex.Crim.App.1985). Three individuals were present in the apartment at the time the search warrant was executed. At least four additional individuals entered the apartment while the search was being conducted. It is arguable that the narcotics

could have been owned or controlled by any *one* of these seven individuals.

The state also maintains that the two "T" tablets provide a sufficient affirmative link to connect appellant to the narcotics. The state relies on the fact that the two writing tablets were found inside and on the desk where the narcotics were found. The state further contends that these notebooks were appellant's personal possessions because their covers were marked with the letter "T," a name which Officer Wilkerson testified appellant was known to go by. The only physical evidence admitted into evidence before the jury were the tablet covers bearing the initial "T." The state maintains that the close proximity of the writing tablets to the narcotics is sufficient to prove that appellant owned and exercised control over the narcotics.

The state cites *Herrera v. State,* 561 S.W.2d 175 (Tex.Crim.App.1978) as support for its position. In *Herrera,* the police seized receipts, addressed envelopes, utility statements, photographs of the appellants and a copy of a contract and a lease agreement, from an apartment containing loose marijuana and marijuana plants. Eight of the state's paper exhibits bore the address of the apartment and eight of the exhibits also were addressed to or referred to one or both appellants. Marijuana was found in every room in which seized paper items were located. *Herrera,* 561 S.W.2d at 178–9. The Court of Criminal Appeals held that the paper exhibits affirmatively linked appellants with the apartment, thereby proving that appellants jointly possessed and controlled the contraband.

■ *Herrera,* is clearly distinguishable from this case in the quantity and quality of the "paper trail" recovered by the police. The paper items in *Herrera* were quite numerous and contained complete names

and addresses. Moreover, some of those paper items were in themselves unsuspicious since they were utility statements, hospital receipts and contracts. In this case we have only two writing tablet covers with a handwritten "T" at the top. Ownership or control of an item would be shown more clearly if the papers were affixed to the item, or found in the same receptacle as the item. Under the facts of this case, the close proximity of the papers to the narcotics, alone, is not sufficient to prove ownership or control by appellant. For all of these reasons we hold that the writing tablets did not provide a sufficient affirmative link between appellant and the narcotics.

Among the facts and circumstances which the Court of Criminal Appeals has considered as linking an accused to contraband are the following:

(1) that the contraband was in plain view of the accused;[1]

(2) that the contraband was in close proximity to the accused and readily accessible to him;[2]

(3) that the amount of contraband found is large enough to indicate that the accused knew of its presence;[3]

(4) that the accused was closely related to other persons in joint possession of the contraband or who owned the premises or vehicle in which the contraband was found;[4]

(5) that the conduct of the accused with respect to the contraband was such as to indicate his knowledge and control.[5]

■ We conclude that the evidence does not show the narcotics at the time of seizure were in appellant's plain view or in close proximity and readily accessible to him. Appellant made no furtive gestures at the time of the search and he was not

---

**1.** *Pollan v. State,* 612 S.W.2d 594, 596 (Tex.Crim. App.1981); *Hernandez v. State,* 538 S.W.2d 127, 131 (Tex.Crim.App.1976).

**2.** *Pollan,* 612 S.W.2d at 596; *Hahn v. State,* 502 S.W.2d 724, 725 (Tex.Crim.App.1973).

**3.** *Pollan,* 612 S.W.2d at 596; *Carvajal v. State,* 529 S.W.2d 517, 520–21 (Tex.Crim.App.1975),

*cert. denied,* 424 U.S. 926, 96 S.Ct. 1139, 47 L.Ed.2d 336 (1976).

**4.** *Hernandez,* 538 S.W.2d at 130.

**5.** *Pollan,* 612 S.W.2d at 596; *Hernandez v. State,* 538 S.W.2d at 131; *Raleigh v. State,* 740 S.W.2d 25, 28 (Tex.App.–Houston [14th Dist.] 1987, no pet.).

under the influence of narcotics when the search was conducted. We further find that appellant did not have exclusive control of the apartment and no evidence was found to affirmatively link him to the upstairs office. All of these circumstances, in our view, establish at most a mere suspicion of appellant's guilt and do not exclude every reasonable hypothesis other than appellant's guilt. Consequently, we hold that the evidence is insufficient to support the conviction. Because we find the evidence insufficient to support appellant's conviction for possession of methamphetamine, we need not address his additional points of error. Point of error three is sustained.

The conviction is reversed and reformed to show acquittal.