Affirmed and Opinion filed May 16, 2002









Affirmed and Opinion filed May
16, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-00409-CR

____________

 

ALIPIO MARTINEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 183rd District Court

Harris County, Texas

Trial
Court Cause No. 825,966

 



 

O P I N I O N

Appealing
his conviction of possession with intent to manufacture or deliver a controlled
substance, appellant Alipio Martinez contends the
trial court improperly commented on the weight of the evidence and that the
evidence is legally insufficient to support his conviction.  We affirm.








I.  Factual
and Procedural Background

Houston
Police Officer Stephen Robinson, acting on a strong suspicion of drug
trafficking, set up surveillance at an apartment leased and occupied by
appellant and Victor Cedano.  After several months of surveillance, Officer
Robinson called a marked unit to stop Cedano on a
traffic violation so that he could speak with him.  When Cedano failed
to use his turn signal, a marked unit stopped him and Officer Robinson was
called to the scene. When Officer Robinson asked Cedano
about the apartment, Cedano initially denied living
there.  Later, however, he gave Officer Robinson
written consent to search the apartment. 
He also consented to the search of the Acura automobile the police had
seen appellant driving.

Upon their search of
the Acura, the officers discovered a hidden compartment commonly used to
conceal controlled substances, but nothing else.  The officers then took Cedano to the apartment. 
Upon arrival,  Cedano
inserted a key and made an unsuccessful attempt to open the door.[1]  The officers knocked on the door and
appellant answered.  Upon request by the
officers, appellant retrieved his identification from one of the bedrooms in
the apartment. 

The officers, having previously obtained Cedano=s
consent,  searched the apartment and
found several of appellant=s
belongings in the room from which appellant had retrieved his
identification.  Among these items was a
prayer book containing a math ledger. 
Other such ledgers were found throughout the apartment.  When the officers searched Cedano=s
bedroom, they recovered, among other things, a passport, $16,010 in cash
wrapped in cellophane, and a blue notebook with a math ledger. Officer Richard
Reeves testified that this amount in cash is the approximate price for a
kilogram of cocaine.  When the officers
asked Cedano about the money, he initially denied
knowledge of it; later, he stated that the cash was there when he moved into
the apartment. 








Houston Police Officer Gary Doyle also
searched the apartment with the assistance of a trained dog.  The results of this search yielded: (1) five
bundles of cocaine and a .357 Ruger revolver, wrapped
in cellophane inside a hidden compartment underneath the pantry; (2) two
pressed bundles of cocaine in a cabinet above the refrigerator; (3) boric acid
(commonly used to cut, or break down, the purity of the cocaine); (4) two cans
of coffee (commonly used to mask the odor of cocaine); (5) a large roll of
plastic bags; (6) a large roll of cellophane; (7) two rolls of tape and
assorted rubber bands; (8) three small scales; (9) a kilo press (commonly used
for blending cocaine); and (10) other drug paraphernalia.  The officers also searched the trash outside
the apartment and found drug-related items similar to those found in the
apartment.

Appellant was
indicted with the felony offense of possession with the intent to manufacture
or deliver of controlled substance, i.e., cocaine.   See Tex. Health & Safety Code Ann. ' 481.112.  Appellant
pleaded not guilty.  A jury found
appellant guilty as charged and assessed punishment at forty years=
confinement in the state penitentiary.

II.
 Legal Sufficiency

In
his first point of error, appellant contends the evidence is legally
insufficient because the State failed to affirmatively link appellant to the
cocaine. Specifically,
appellant alleges that the evidence is legally insufficient to show that he
actually possessed the cocaine, an element of the offense.  See id.








In evaluating a legal sufficiency challenge, we view the
evidence in the light most favorable to the verdict.  Weightman v. State,
975 S.W.2d 621, 624 (Tex. Crim. App. 1998); see
also Narvaiz v. State, 840 S.W.2d
415, 423 (Tex. Crim. App. 1992).  We must determine whether any rational
trier of fact could have found the essential elements
of the crime beyond a reasonable doubt. 
McDuff v. State, 939 S.W.2d 607, 614 (Tex.
Crim. App. 1997). 
The jury, as the trier of fact, Ais
the sole judge of the credibility of witnesses and of the strength of the evidence.@  Fuentes v. State, 991 S.W.2d 267, 271
(Tex. Crim. App. 1999).  The jury may choose to believe or disbelieve
any portion of the witnesses= testimony.  Sharp v.
State, 707 S.W.2d 611, 614 (Tex. Crim. App.
1986).  When faced with conflicting
evidence, we presume the trier of fact resolved
conflicts in favor of the prevailing party. 
Turro v. State, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).

Under Texas law, a person may not be convicted for possession
of a controlled substance unless the state shows the individual charged
possessed the substance Aintentionally or knowingly.@  Brown v. State, 911
S.W.2d 744, 747 (Tex. Crim. App. 1995) (en
banc).  This means that an accused must
have (1) exercised actual care, control or custody of the substance; and (2)
known that the substance was contraband. 
Id. at 747; see also Nunn v. State, 640 S.W.2d 304,
305 (Tex. Crim. App. 1982); Edwards v. State,
807 S.W.2d 338, 339 (Tex. App.CHouston [14th Dist] 1991, pet ref=d).  Mere presence at a
place where drugs are being used or possessed by others does not justify a
finding of joint possession, or prove that one is party to an offense.  Martin v. State, 753 S.W.2d 384, 387
(Tex. Crim. App. 1988).  Moreover, the fact that the accused is the
lessee of the real property where narcotics are found is not enough to support
a finding of joint possession if the property is also used by others.  Guiton v.
State, 742 S.W.2d 5, 8 (Tex. Crim. App. 1987). It
does not matter whether the evidence is direct or circumstantial, but it must
provide Aaffirmative
links@
between the accused and the contraband, i.e., facts and circumstances in
addition to mere presence that raise a reasonable inference of the accused=s
knowledge and control of the contraband.  Hurtado v. State,
881 S.W.2d 738, 743 (Tex. App.CHouston [1st Dist.] 1994, pet. ref=d).


When the prosecution asserts that the accused and another
person jointly possessed a narcotic drug, the evidence must affirmatively link
the accused to the contraband.  Martin,
753 S.W.2d at 387.  The trier of fact must be able to conclude that the accused had
knowledge of the contraband as well as control over it.  Id. 
In determining whether the State has met its burden, we consider the
following factors:








 1)        the
accused=s presence when
the search warrant was executed; 

 2)        contraband
in plain view; 

 3)        the
accused=s proximity to
and the accessibility of the narcotic;

 4)        whether
the accused was under the influence of narcotics when arrested;

 5)        the
accused=s possession of
other contraband, if any, when arrested; 

 6)        the
accused=s incriminating
statements, if any, when arrested; 

 7)        the
accused=s attempted
flight;

 8)        the
accused=s furtive
gestures;

 9)        presence
of odor of the contraband; 

10)       presence of other contraband or drug
paraphernalia, not included in the charge; 

11)       the accused=s
ownership or right to possession of the place where the controlled substance
was found; and

12)       the place where the controlled substance
was found was enclosed.  

Brunson v. State,
750 S.W.2d 277, 280 (Tex. App.CHouston [14th Dist.] 1988, pet. ref=d).
Affirmative links emerge from the combination of the above factors.  The number of factors present is less
important than the logical force the extant factors have in establishing the
elements of the offense.  Gilbert v.
State, 874 S.W.2d 290, 298 (Tex. App.CHouston [14th  Dist.]
1994, pet ref=d).








The evidence in the record reflects multiple affirmative
links.  The main factor that links
appellant to the contraband is that it was found in an apartment he rented and
occupied.  See Moulden
v. State, 576 S.W.2d 817 (Tex. Crim. App.
1978) (holding that evidence was sufficient where accused was the owner of the
place where the contraband was found). Appellant was seen leaving and returning
to the apartment on several occasions. 
The cocaine was found in several places easily accessible to appellant,
and appellant was the only person present at the time the police arrived at the
apartment to conduct the search.  More
importantly, a large quantity of the contraband was found in the kitchen, a
place which appellant clearly used. 
Several bundles of cocaine were found in kitchen cabinets and drug paraphenila, such as scales, a kilo press, and plastic bags
and tape, were found in plain view. In
addition to the items found in the kitchen, the officers also found a prayer
book containing a math ledger of the type commonly used for drug
trafficking.  In appellant=s
bedroom they also found a passport, some cash, and several plane tickets to
cities which maintain a high demand for cocaine.  Although these items would not be
incriminating if found alone, combined with all of the other evidence, they
sufficiently link appellant to the cocaine located inside the apartment to
establish his knowing and intentional possession of the narcotics. 

Viewing the evidence in the light most favorable to the
verdict, we find ample evidence from which the jury could have found, beyond a
reasonable doubt, that appellant possessed the cocaine.  Accordingly, the evidence is legally
sufficient.  We overrule appellant=s
first point of error.

III.  Comment on the Weight of the Evidence

In his second point of error, appellant contends the trial
court improperly commented on the weight of evidence.  The State counters that by failing to
properly object to the trial court=s comment, appellant has waived any error.  The State also contends that the trial court=s
statement was not an improper comment on the weight of the evidence.  We agree with the State.  

During their deliberations, the jury sent the court a note
requesting to examine one of the seized bags of cocaine so that they could
smell the contents of the bag.  The trial
court responded to this rather unusual request, stating: 

The
Court:     Okay . . . you want to explain
exactly what you want to smell and whatBhow
do you want to open this? 

We=re
just concerned about your personal safety and everything else dealing with
this.

 








Appellant complains that the court=s
last statement (italicized above) was an impermissible comment on the weight of
the evidence.

Article 38.05 of the Texas Code of
Criminal Procedure provides that a trial judge shall not comment on the weight
of the evidence nor make Aany remark calculated to convey to the jury his opinion of
the case.@  Tex. Code Crim.
Proc. Ann. Art. 38.05 (Vernon 1979). 
However, absent fundamental error, when no objection is made at trial to
the trial judge=s statements nor any request made to instruct the jury,
nothing is presented for appellate review. 
Sharp v. State, 707 S.W.2d 611, 619 (Tex. Crim.
App.1986); Cade v. State, 795 S.W.2d
43, 45 (Tex. App.CHouston [1st Dist.] 1990, pet. ref=d); McGee v. State, 689 S.W.2d
915, 919 (Tex. App.CHouston [14th Dist.] 1985, pet. ref=d); but see Blue v. State, 41
S.W.3d 129, 131 (Tex. Crim. App. 2000) (plurality
op.) (holding that if the trial court makes a comment on the weight of the
evidence that constitutes fundamental error, then it is not necessary to object
to preserve error).  Because the alleged
error is clearly not fundamental and because appellant failed to object, we
find that appellant failed to preserve his complaint for appellate review.  See Sanchez v. State, 434 S.W.2d
133 (Tex. Crim. App. 1968).

Even if appellant=s complaint had been preserved, we
would find no reversible error.  To
constitute reversible error in violation of Article 38.05, the trial court=s comment must be such that it is
reasonably calculated to prejudice the accused=s rights by injuring him or benefitting the State. 
Howard v. State, 420 S.W.2d 706, 707 (Tex. Crim.
App. 1967); Collins v. State, 376 S.W.2d 354, 357 (Tex. Crim. App. 1964). 
The trial court=s comment was not a prejudicial comment on the evidence nor
did it discredit appellant=s case, or imply that the trial court favored the State over
appellant.  The trial court was merely
expressing concern for the jury=s safety in handling and sniffing a controlled substance that
was part of the evidence in the case. 
Accordingly, we overrule appellant=s second point of error.








We affirm the trial court=s judgment. 

 

 

/s/        Kem Thompson Frost

Justice

 

Judgment
rendered and Opinion filed May 16, 2002.

Panel
consists of Chief Justice Brister and Justices Anderson and Frost.

Do
Not Publish C Tex. R. App. P. 47.3(b).

 

 











[1]  Testimony by
the officers at trial revealed that the officers used the same key Cedano used and were able to unlock the door without any
difficulty.