NO. 07-06-0361-CR


 07-06-0362-CR

 07-06-0363-CR

 07-06-0364-CR

 07-06-0365-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



FEBRUARY 8, 2007


______________________________



MICHAEL CODY WILLIAMS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B14449-0205; B14470-0205; A14595-0208; A14596-0208; A14597-0208;



HONORABLE ED SELF, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 In a consolidated appeal, Michael Cody Williams, appellant, appeals orders revoking
his community supervision in five cases. Appellant entered a plea of guilty without a plea
bargain in each case and was placed on community supervision in each case. 
Subsequently, the State filed motions to revoke community supervision alleging that
appellant had violated the terms and conditions of his community supervision. The trial
court found that appellant had violated his community supervision and revoked the orders
placing appellant on community supervision. The trial court assessed a term of
confinement in the Institutional Division of the Texas Department of Criminal Justice on
each case, all periods of confinement to run concurrently. We affirm.

 Appellant's attorney has filed an Anders brief and a motion to withdraw. Anders v.
California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 498 (1967). In support of his motion
to withdraw, counsel certifies that he has diligently reviewed the record, and in his opinion,
the record reflects no reversible error upon which an appeal can be predicated. Id. at 744-45. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978), counsel
has candidly discussed why, under the controlling authorities, there is no error in the trial
court's judgment. Additionally, counsel has certified that he has provided appellant a copy
of the Anders brief and motion to withdraw and appropriately advised appellant of his right
to file a pro se response in this matter. Stafford v. State, 813 S.W.2d 503, 510
(Tex.Crim.App. 1991). The court has also advised appellant of his right to file a pro se
response. Appellant has not favored us with a response. 

 By his Anders brief, counsel raises a ground that could possibly support an appeal,
but concludes the appeal is frivolous. We have reviewed this ground and made an
independent review of the entire record to determine whether there are any arguable
grounds which might support an appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346,
102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005). We
have found no such arguable grounds and agree with counsel that the appeal is frivolous.

 Accordingly, counsel's motion to withdraw is hereby granted and the trial court's
orders are affirmed.


 Mackey K. Hancock

 Justice

 


Do not publish. 






their testimony, and unless the record clearly
demonstrates a different result is appropriate, we must defer to the jury's determination. 
Johnson, 23 S.W.3d at 8. 

 Appellant was convicted of possession with intent to deliver methamphetamine of
four grams or more but less than 200 grams. See Tex. Health & Safety Code Ann. §
481.112(a), (d) (Vernon 2003). To prove unlawful possession of a controlled substance,
the State was required to prove the accused (1) exercised actual care, custody, control,
or management over the substance and (2) knew the matter he possessed was
contraband. Id. at § 481.002(38). See also Poindexter v. State, 153 S.W.3d 402, 405
(Tex.Cr.App. 2005) (citing Joseph v. State, 897 S.W.2d 374, 376 (Tex.Cr.App. 1995)). The
evidence must establish the accused's connection with the controlled substance was more
than just fortuitous. Brown v. State, 911 S.W.2d 744, 747 (Tex.Cr.App. 1995). 

 Intent to deliver may be proven by circumstantial evidence and is a question of fact
to be determined by the trier of fact. Avila v. State, 15 S.W.3d 568, 573
(Tex.App.-Houston [14th Dist.] 2000, no pet.) It may be inferred from the acts, words, or
conduct of the accused. Puente v. State, 888 S.W.2d 521, 527 (Tex.App.-San Antonio
1994, no pet.). Factors considered in establishing intent to deliver include (1) the nature
of the place the defendant was arrested; (2) the quantity of narcotics possessed by the
defendant; (3) the manner of packaging; (4) the presence of drug paraphernalia; (5) a large
amount of cash; and (6) the defendant's status as a drug user. Williams v. State, 902
S.W.2d 505, 507 (Tex.App.-Houston [1st Dist.] 1994, pet. ref'd).

 When the accused is not in exclusive possession of the place where contraband is
found or the contraband is not on the accused's person, additional independent facts and
circumstances must affirmatively link him to the contraband. Deshong v. State, 625
S.W.2d 327, 329 (Tex.Cr.App. 1981). The affirmative links rule is a common sense notion
designed to protect innocent bystanders-a parent, child, spouse, roommate, or friend--from
conviction based solely upon his fortuitous proximity to someone else's contraband. 
Poindexter, 153 S.W.3d at 406. 

 Affirmative links may include, but are not limited to: (1) appellant's presence when
the contraband was found; (2) whether the contraband was in plain view; (3) appellant's
proximity to and the accessibility of the contraband; (4) whether appellant was under the
influence of narcotics when arrested; (5) whether appellant possessed other contraband
when arrested; (6) whether appellant made incriminating statements when arrested; (7)
whether appellant attempted to flee; (8) whether appellant made furtive gestures; (9)
whether there was an odor of the contraband; (10) whether other contraband or drug
paraphernalia was present; (11) whether appellant owned or had the right to possess the
place where the drugs were found; (12) whether the place the drugs were found was
enclosed; (13) the amount of contraband found; (14) whether appellant was the driver of the
automobile in which the contraband was found; and (15) whether appellant possessed a
large amount of cash. See Taylor v. State. 106 S.W.3d 827, 831 (Tex.App.-Dallas 2003,
no pet.); Trejo v. State, 766 S.W.2d 381, 384 (Tex.App.-Austin 1989, no pet.). It is the
logical force of these factors, individually or combined, which determines whether the
State's evidence links appellant to the contraband. Trejo, 766 S.W.2d at 385. 

 The evidence is undisputed that appellant did not have any contraband or
paraphernalia on his person and was not in exclusive possession of the methamphetamine
when the warrant was executed. He was dressed only in shorts that had no pockets. 
Thus, the State was required to affirmatively link him to the methamphetamine.

 According to Officer Steve Myers, a member of the crime response team, when his
team entered the premises, an individual was seen running into the first bedroom. The
door was locked, and after officers kicked it open, appellant had already assumed a
position on the floor that is customary when being arrested. His hands were approximately
two feet from the trash can containing the Altoids can. Marshall was running toward the
closet where two females were hiding.

 Although appellant's wallet was not found on his person, it contained his
identification, a citation with his name and the address of the premises, and $460 in tens
and twenties. See generally Herrera v. State, 561 S.W.2d 175, 177-78 (Tex.Cr.App. 1978)
(linking the defendant to the contraband where receipts, utility statements, a contract, and
lease bore his name and address). See also Cooper v. State, 852 S.W.2d 678, 682
(Tex.App.-Houston [14th Dist.] 1993, pet. ref'd) (linking the defendant to the narcotics
where his wallet was found in an adjacent bedroom). The seized methamphetamine
weighed eight grams, which an officer testified was approximately 80 dosage units, an
amount in excess of personal use and indicative of dealing. Several officers also testified
that small baggies and digital scales indicate an intent to sell narcotics for profit. The
evidence establishes that appellant exercised care, custody, and control of the
methamphetamine, and his behavior in assuming the position of an arrestee when the
bedroom door was kicked open indicates he knew he possessed contraband. 

 Defense counsel attempted to show that any of the three other occupants of the
bedroom could have thrown the Altoids can into the trash can and that numerous
detainees gave "1005 Grace" as their address. He also tried to establish that $460 is not
a large amount of cash given the potential profit eight grams of methamphetamine could
have yielded. Additionally, counsel made an effort at trial to show the digital scale was not
operational. It was the jury's function to resolve any conflict of fact, weigh the evidence,
and evaluate the credibility of the witnesses. See Adelman v. State, 828 S.W.2d 418, 421-22 (Tex.Cr.App. 1992). 

 The logical force of the evidence demonstrates that appellant's connection to the
methamphetamine was more than just fortuitous. His wallet contained a citation bearing
the address of the run-down house located at 1005 Grace which generated numerous
complaints. The digital scale, plastic baggies, large amount of methamphetamine, and
cash all established intent to deliver. Viewing the evidence under Jackson and Zuniga, we
conclude it is sufficient to support appellant's conviction. Issues one and two are
overruled. 

 Accordingly, the trial court's judgment is affirmed.

 Don H. Reavis

 Justice

Do not publish.