Affirmed and Memorandum Opinion filed June 30, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00422-CR

___________________

 

Courtney Sims, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 262nd District Court

Harris County,
Texas



Trial Court Cause No. 1221786

 



 

 

MEMORANDUM OPINION

A jury convicted appellant Courtney
Sims of one count of possession of marijuana in a usable quantity of more than
five pounds and less than fifty pounds, see Tex. Health & Safety Code Ann. § 481.121(a), (b)(4)
(West 2010), and the jury assessed punishment at five years’ imprisonment.  In
a single issue, appellant argues that the evidence is legally insufficient to
sustain his conviction.  We affirm. 

Background

One morning in June 2009, four Harris County Precinct
4 Constable’s Office deputies arrived at an apartment complex in response to a
narcotics complaint and observed a man exiting from the direction of the
apartment that was the subject of the complaint.  Several deputies noticed a
strong marijuana odor emanating from this person as they passed him.  While several
deputies detained this suspect, Deputy Michael Atkins approached the front door
of the apartment.  

Deputy Atkins began a motion to knock on the front
door, but appellant opened the door at the exact same time, causing Deputy Atkins’s
hand to cross the threshold of the door.  Deputy Atkins noticed an extremely
strong smell of marijuana, and appellant appeared startled finding himself
face-to-face with the deputy.  Deputy Atkins told appellant to step outside.  After
freezing for an instant, appellant stepped back into the apartment and
attempted to shut the door.  Deputy Atkins stopped the door with his foot, grabbed
appellant, and pulled him outside.  While the door was open, Deputy Atkins
glanced inside the apartment and observed in plain view two clear plastic bags
filled with what he believed was marijuana.  

Deputies Atkins and Jones secured appellant and
conducted a protective search of the apartment, during which the deputies observed
additional marijuana, other narcotics, and drug paraphernalia in plain view.  After
a subsequent warrant search, the deputies recovered marijuana leaves, compressed
marijuana, and cocaine packaged in small quantities for distribution.  Some of
the marijuana was found in plastic bags on the floor directly behind where
appellant stood when he opened the door.  Additional marijuana was found in
plain view on a table a few steps from where appellant stood at the front
door.  A forensic chemist with the Harris County Institute of Forensic Sciences
later confirmed that the substances recovered included more than seven pounds
of marijuana and six grams of cocaine.  

The deputies also seized a handgun and a fully loaded
magazine, cash, electronic scales containing cocaine residue, a razor blade,
multiple small plastic baggies, a box of Swisher Sweet cigars, and a prescription
medicine bottle.  Deputy Atkins testified these items are commonly used in the
sale and distribution of narcotics.  He further testified that there were no hygiene
materials or food in the apartment, the space was not clean, and “[t]here was
nothing really to sustain life for any amount of time,” which is consistent
with narcotics activity.

However, some female underwear was found inside the
apartment.  Also a letter and two cell phones were on the kitchen table.  The
letter was not tagged for evidence, and the name of the addressee on the letter
was not recorded during the search.  One of the cell phones belonged to the man
whom deputies stopped outside the apartment.  The prescription bottle found in
the apartment listed the name of a person other than appellant.  The State did
not present any evidence that appellant had actually leased the apartment. 

Standard of Review

When reviewing the sufficiency of the evidence, we
view all of the evidence in the light most favorable to the verdict and
determine, based on that evidence and any reasonable inferences from it,
whether any rational fact finder could have found the elements of the offense
beyond a reasonable doubt.  Isassi v. State, 330 S.W.3d 633, 638 (Tex.
Crim. App. 2010); see also Jackson v. Virginia, 443 U.S. 307, 319 (1979). 
The jury is the exclusive judge of the credibility of witnesses and the weight
to be given to the evidence.  See Isassi, 330 S.W.3d at 638.  Further,
we defer to the jury’s responsibility to fairly resolve or reconcile conflicts
in the evidence.  Id.  And we draw all reasonable inferences from the
evidence in favor of the verdict.  Id.  This standard applies to both
circumstantial and direct evidence.  Id.  

Analysis

Appellant argues that
the evidence is insufficient to prove that he knowingly possessed a controlled
substance.  To prove unlawful possession of a controlled substance, the State
must show that the accused intentionally or knowingly possessed the substance—that
is, the accused knew of its existence and exercised actual care, custody,
control, or management over it.  See Evans v. State, 202 S.W.3d 158, 161
(Tex. Crim. App. 2006); Poindexter v. State, 153 S. W.3d 402, 405 (Tex.
Crim. App. 2005).  When the controlled substance is not in the exclusive
control of the defendant in the place or premise where it is found, the State
must make a showing of links between the accused and the controlled substance. 
Evans, 202 S.W.3d at 162 (“Mere presence at the location where drugs are
found is . . . insufficient, by itself, to establish actual care, custody, or
control of those drugs.”).  The term links is used “merely as a
shorthand catch-phrase for a large variety of circumstantial evidence that may
establish the knowing ‘possession’ or ‘control, management, or care’ of some
item such as contraband.”  Id. at 161 n.9.

The Texas Court of Criminal Appeals has identified a
nonexclusive list of links.  See id. at 162 & n.12.[1]  The State need
not establish all of the links.  See Moreno v. State, 195 S.W.3d 321,
326 (Tex. App.—Houston [14th Dist.] 2006, pet ref’d) (“[T]he number of factors
present is not as important as the logical force the factors have in
establishing the elements of the offense.”).  Fundamentally, the goal of the
analysis of links is to protect an “innocent bystander—a relative, friend, or
even stranger to the actual possessor—from conviction merely because of his
fortuitous proximity to someone else’s drugs.”  Evans, 202 S.W.3d, at
161–62.  

Here,
appellant was found alone in an apartment with large quantities of drugs and
drug paraphernalia in plain view and in close proximity to him.  According to
Deputy Atkins, the apartment had an “extremely strong smell of marijuana.” 
Although appellant argues that he could not have knowingly possessed the
marijuana because he was attempting to leave the apartment when he was
arrested, Deputy Atkins testified that appellant attempted to close the door
and remain inside the apartment upon seeing the deputies.  This evidence
supports the jury’s conclusion that appellant exercised control over the
marijuana inside the apartment despite the evidence of other persons’
belongings in the apartment and the lack of any evidence that appellant leased
or resided at the apartment.

The
logical force of the evidence establishes that appellant knowingly possessed
the marijuana.  A rational jury could have found the elements of this offense
beyond a reasonable doubt.  See Cruse v. State, 722 S.W.2d 778, 779
(Tex. App.—Beaumont 1986, pet. ref’d) (holding that the evidence was sufficient
for possession of a controlled substance when the defendant was arrested at the
door of a mobile home while he was leaving, the inside of the mobile home
smelled like methamphetamine, the defendant smelled like methamphetamine, and
the contraband was in plain view inside the mobile home and easily accessible
to the defendant).

Further,
appellant’s reliance on the “outstanding reasonable hypothesis” construct is
misguided.  Citing Alvarez v. State, 813 S.W.2d 222 (Tex. App.—Houston
[14th Dist.] 1991, pet. ref’d), appellant argues that “a conviction based on
circumstantial evidence cannot be sustained if the circumstances do not exclude
every other reasonable hypothesis except that of the defendant’s guilt.”  The
Court of Criminal Appeals, however, unequivocally rejected the “outstanding
reasonable hypothesis” construct.  Brown v. State, 911 S.W.2d 744, 748
(Tex. Crim. App. 1995) (“[W]e finally abandoned the ‘outstanding reasonable
hypothesis’ methodology altogether in 1991. . . .  [E]ach defendant must still
be affirmatively linked with the drugs he allegedly possessed, but this link
need no longer be so strong that it excludes every other outstanding reasonable
hypothesis except the defendant’s guilt.”).

Finally,
appellant compares the facts of his case to those in Hausman v. State,
480 S.W.2d 721 (Tex. Crim. App. 1972).  In Hausman, the court reversed
the defendant’s conviction when police found a paper bag containing marijuana
located one foot from the defendant’s head while the defendant was sleeping at
a campfire in close proximity to six other people.  Id. at 722–23. 
Unlike in Hausman, appellant was found awake and alone in an enclosed
apartment with large amounts of drugs and drug paraphernalia in plain view and
conveniently accessible to him, with a strong odor of marijuana emanating from
inside the apartment.  Appellant’s case is distinguishable.

Accordingly, we overrule
appellant’s sole issue and affirm the trial court’s judgment.

 

                                                                                    

                                                                        /s/        Sharon
McCally

                                                                                    Justice

 

 

 

Panel consists of Justices
Frost, Jamison, and McCally.

Do Not Publish — Tex. R. App. P. 47.2(b).









[1] These links are as
follows: (1) whether the defendant was present when a search was conducted; (2)
whether the contraband was in plain view; (3) the defendant’s proximity to and
accessibility of the narcotics; (4) whether the defendant was under the
influence of narcotics when arrested; (5) whether the defendant possessed other
contraband or narcotics when arrested; (6) whether the defendant made any
incriminating statements when arrested; (7) whether the defendant made furtive
gestures or attempted to flee; (8) whether there was an odor of contraband; (9)
whether other contraband or drug paraphernalia were present; (10) whether the
defendant owned or had the right to possess the place where the drugs were
found; (11) whether the place where the drugs were found was enclosed; (12)
whether the defendant was found with a large amount of cash; (13) whether the conduct
of the defendant indicated a consciousness of guilt.  Evans, 202 S.W.3d
at 162 n.12.