**Jeff Warren PRICE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–87–353–CR.**

Court of Appeals of Texas, Corpus Christi.

June 30, 1988.

Rehearing Denied Sept. 8, 1988.

Carl Lewis, Corpus Christi, for appellant.

Carlos Valdez, Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

After a bench trial, the trial court convicted appellant of possession of marihuana

under two ounces and assessed as punishment a $500.00 fine plus costs of court. We affirm.

On November 22, 1986, Officer Cook was patrolling southbound on north Mesquite Street. As he passed the area of Twigg Street and north Mesquite, an informant told him that "they just had contact" with a white male in a white pickup now northbound from Twigg on Chaparral Street who was in possession of several baggies of marihuana in a box in the bed of the pickup. Cook testified that his conversation with the informant lasted about thirty seconds. Cook then drove down north Chaparral and observed a white pickup at the intersection of I.H. 37 at north Chaparral. Cook made contact with the driver, appellant, and a female passenger. Cook noticed that the only box in the pickup bed was a metal box. Cook asked appellant to open the box, but appellant said the box was rusted shut. Cook then opened the box and discovered four clear plastic baggies of marihuana inside.

Cook testified that this informant had previously given him reliable information. In one instance, he made a narcotics arrest based on information received from this informant. On two other occasions, he forwarded information received from this informant to the narcotics division. This informant had also given information to at least one vice officer.

By his first point of error, appellant alleges that the trial court erred in overruling his motion to suppress evidence seized incident to the search.

■ A police officer may search an automobile without a warrant where there are both exigent circumstances and probable cause to believe that the vehicle in question contains property that the State may properly seize. Once probable cause exists to search a vehicle for contraband, a warrantless search may be conducted of any containers found inside that may conceal the object of the search. *United States v. Reyes,* 792 F.2d 536, 538–540 (5th Cir.1986), *cert. denied,* 479 U.S. 855, 107 S.Ct. 191, 93 L.Ed.2d 124 (1986).

■ In the case before us, probable cause is based on an informant's tip. Therefore, *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) provides the applicable standard for review. In *Gates,* the United States Supreme Court declared that a totality of the circumstances analysis would be used to determine whether an informant's tip provides probable cause. This determination involves a common sense resolution whether, considering all the facts and circumstances including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular location.

■ An informant's veracity, reliability, and basis of knowledge are critical in this analysis. However, a deficiency in one may be compensated for by a strong showing of the other two, or by some other indicia of reliability.

■ One method of proving an informant's reliability is to show that the informant has provided truthful information in the past. An informant's tip can also be confirmed by the independent police work which corroborates the information received. Additionally, the credibility of the tip is strengthened if it is given in great detail which indicates a strong basis for the informant's knowledge. Furthermore, the tip is strengthened if it is based on personal observation rather than hearsay. Finally, the surrounding circumstances combined with the information received must be viewed in the light of their having been evaluated by a trained law enforcement officer.

■ Here, Cook had known the informant and considered her to be reliable. On one occasion, information from this informant allowed Cook to make a narcotics arrest. Moreover, the informant supplied Cook with several detailed facts including: (1) the color and style of appellant's vehicle, (2) the direction appellant's vehicle was traveling, (3) the name of the street upon which appellant's vehicle was traveling, (4) the fact that appellant had marihua-

na in a box, (5) the fact that the marihuana was packaged in several baggies, (6) the location of the box in the vehicle, and (7) the description of the person possessing the marihuana. More important, these facts were based on the informant's personal knowledge, which is demonstrated by her statement to Cook that "they just had contact" with appellant.

Much of the information provided by the informant was corroborated by Cook during his investigation. After speaking with the informant, he immediately drove down north Chaparral and observed a white pickup at the intersection of I.H. 37 and north Chaparral. Cook stopped the vehicle and saw only one box in the bed of the pickup. He opened the box and discovered four baggies of marihuana inside. The driver of the pickup identified himself as appellant.

Since Cook was able to corroborate the informant's tip, he was justified in believing the statement that marihuana was in the pickup. Therefore, after considering all the facts received from the informant combined with Cook's personal observation, we conclude that the State had probable cause to believe contraband was inside the pickup.

The exigent circumstances surrounding the investigation were also sufficient to justify a warrantless search of the pickup. Since the informant told Cook that the appellant was last seen driving north on Chaparral, Cook cannot be faulted for failing to have a search warrant in his possession at the time of the stop. We therefore conclude that the circumstances were sufficiently exigent to justify the search and seizure. *See Reyes,* 792 F.2d at 540; *see also Alaniz v. State,* 647 S.W.2d 310, 313 (Tex.App.—Corpus Christi 1982, pet. ref'd).

The trial court properly overruled appellant's motion to suppress evidence which was seized by Cook as a result of the search. Appellant's first point of error is overruled.

In his second point of error, appellant argues that the trial court erred in finding the evidence sufficient to show beyond a reasonable doubt that he was guilty of the offense as charged in the information.

The standard for review of the sufficiency of the evidence, whether circumstantial or direct, is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Johnson v. State,* 673 S.W.2d 190, 195 (Tex.Crim.App.1984); *Arguijo v. State,* 738 S.W.2d 367, 369 (Tex.App.—Corpus Christi 1987, no pet.).

■ To prove a defendant guilty of unlawfully possessing a controlled substance, the State must show that the defendant intentionally or knowingly exercised actual care, custody, control or management over a controlled substance, *Humason v. State,* 728 S.W.2d 363, 365 (Tex.Crim.App.1987), and that the accused knew that the matter he possessed was contraband. *Johnson v. State,* 658 S.W.2d 623, 627 (Tex.Crim.App. 1983); *Arguijo,* 738 S.W.2d at 369. In other words, there must be some independent facts and circumstances which affirmatively link the accused to the contraband in such a manner that it can be concluded that he had knowledge of the contraband as well as management or control over it. *McGoldrick v. State,* 682 S.W.2d 573, 578 (Tex.Crim.App.1985); *Villarreal v. State,* 703 S.W.2d 301, 305 (Tex.App.—Corpus Christi 1985, no pet.).

■ Since the State failed to show that appellant was in exclusive possession of the place where the contraband was discovered, it cannot be concluded that the appellant had knowledge of and control over the contraband unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband. *Deshong v. State,* 625 S.W.2d 327, 329 (Tex.Crim.App.1981).

Here, facts clearly show that: (1) an informant reported that a white male in a white pickup was in possession of marihuana located in a box in the bed of the pickup, (2) the tip was based on the informant's personal contact with appellant, (3) the informant's contact with appellant, the receipt of the tip, and Cook's discovery of the marihuana were all near in time, (4) the tip was highly corroborated, (5) appellant was the only male in the pickup at the time of

the stop, and (6) appellant was the driver of the pickup.

We conclude that the facts and circumstances affirmatively link the appellant to the controlled substance in such a manner to show sufficiently that he had knowledge of and control over the contraband. Appellant's second point of error is also overruled. The judgment of the trial court is AFFIRMED.