NO. 07-05-0408-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 27, 2006

______________________________

ROBERT LEE LAMBERT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY;

NO. 0968917D; HONORABLE ROBERT K. GILL, JUDGE

_______________________________

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

Following a plea of not guilty, appellant Robert Lee Lambert was convicted by a jury of possession with intent to deliver a controlled substance of four grams or more but less than 200.  He pled true to the enhancement paragraphs and was sentenced by the trial court to 40 years confinement.  Presenting two issues, he contends the evidence is legally and factually insufficient to support his conviction.  We affirm.

In response to neighborhood complaints, officers investigated a dilapidated house located at 1005 Grace.  An informant told officers an individual named Allen Marshall, who bore no resemblance to appellant, was selling drugs from that location.  Based on the investigation, officers obtained a no-knock search warrant
 bearing Marshall’s name.  When the warrant was executed, 12 unrelated individuals were present, including Marshall and appellant.  Seven of the 12 detainees gave “1005 Grace” as their address. 

Appellant was found in a locked bedroom with three other individuals.  One officer found an Altoids can in a trash can that contained a large quantity of methamphetamine and tiny plastic baggies.  Small baggies were also found in an unlocked safe in the bedroom.  A digital scale was discovered on a shelf near the trash can.  Appellant was dressed only in shorts without pockets.  His wallet, which was not on his person, contained his identification, a citation bearing his name with the address “1005 Grace,” and $460.  Based on the evidence collected at the scene, appellant was arrested for possession with intent to deliver a controlled substance.  

By two issues, appellant contests the legal and factual sufficiency of the evidence.  Evidence is legally insufficient if, when viewed in a light most favorable to the prosecution, a rational trier of fact could not have found each element of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979);
 
Burden v. State, 55 S.W.3d 608, 612-13 (Tex.Cr.App. 2001).  In measuring the legal sufficiency of the evidence to sustain a conviction, we measure the elements of the offense as defined by a hypothetically correct jury charge.  Malik v. State, 953 S.W.2d 234, 240 (Tex.Cr.App. 1997).  
As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a “mere modicum” of evidence.  Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988). 

In conducting a factual sufficiency review, we view all the evidence without the prism of “in the light most favorable to the prosecution” and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.  Johnson v. State, 23 S.W.3d 1, 9 (Tex.Cr.App. 2000).  We must determine after considering all the evidence in a neutral light, whether the jury was rationally justified in finding guilt beyond a reasonable doubt.  Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Cr.App. 2004).  It is the exclusive province of the jury to determine the credibility of the witnesses and the weight to be given their testimony, and unless the record clearly demonstrates a different result is appropriate, we must defer to the jury’s determination.  
Johnson
, 23 S.W.3d at
 8. 

Appellant was convicted of possession with intent to deliver methamphetamine of four grams or more but less than 200 grams.  
See
 Tex. Health & Safety Code Ann. § 481.112(a), (d) (Vernon 2003). 
 
To prove unlawful possession of a controlled substance, the State was required to prove the accused (1) exercised actual care, custody, control, or management over the substance and (2) knew the matter he possessed was contraband.  
Id
. at § 481.002(38).  
See also
 Poindexter v. State, 153 S.W.3d 402, 405 (Tex.Cr.App. 2005) (citing Joseph v. State, 897 S.W.2d 374, 376 (Tex.Cr.App. 1995)).  The evidence must establish the accused’s connection with the controlled substance was more than just fortuitous.  Brown v. State, 911 S.W.2d 744, 747 (Tex.Cr.App. 1995). 

Intent to deliver may be proven by circumstantial evidence and is a question of fact to be determined by the trier of fact.  Avila v. State, 15 S.W.3d 568, 573 (Tex.App.–Houston [14th Dist.] 2000, no pet.)  It may be inferred from the acts, words, or conduct of the accused.  Puente v. State, 888 S.W.2d 521, 527 (Tex.App.–San Antonio 1994, no pet.).  Factors considered in establishing intent to deliver include (1) the nature of the place the defendant was arrested; (2) the quantity of narcotics possessed by the defendant; (3) the manner of packaging; (4) the presence of drug paraphernalia; (5) a large amount of cash; and (6) the defendant’s status as a drug user.  Williams v. State, 902 S.W.2d 505, 507 (Tex.App.–Houston [1st Dist.] 1994, pet. ref’d).

When the accused is not in exclusive possession of the place where contraband is found or the contraband is not on the accused’s person, additional independent facts and circumstances must affirmatively link him to the contraband.  Deshong v. State, 625 S.W.2d 327, 329 (Tex.Cr.App. 1981).  The affirmative links rule is a common sense notion designed to protect innocent bystanders–a parent, child, spouse, roommate, or friend--from conviction based solely upon his fortuitous proximity to someone else’s contraband.  
Poindexter
, 153 S.W.3d at 406. 

Affirmative links may include, but are not limited to: (1) appellant’s presence when the contraband was found; (2) whether the contraband was in plain view; (3) appellant’s proximity to and the accessibility of the contraband; (4) whether appellant was under the influence of narcotics when arrested; (5) whether appellant possessed other contraband when arrested; (6) whether appellant made incriminating statements when arrested; (7) whether appellant attempted to flee; (8) whether appellant made furtive gestures; (9) whether there was an odor of the contraband; (10) whether other contraband or drug paraphernalia was present; (11) whether appellant owned or had the right to possess the place where the drugs were found; (12) whether the place the drugs were found was enclosed; (13) the amount of contraband found; (14) whether appellant was the driver of the automobile in which the contraband was found; and (15) whether appellant possessed a large amount of cash.  
See
 Taylor v. State. 106 S.W.3d 827, 831 (Tex.App.–Dallas 2003, no pet.)
; 
Trejo v. State, 766 S.W.2d 381, 384 (Tex.App.–Austin 1989, no pet.).  It is the logical force of these factors, individually or combined, which determines whether the State's evidence links appellant to the contraband.  
Trejo,
 766 S.W.2d at 385.
  

The evidence is undisputed that appellant did not have any contraband or paraphernalia on his person and was not in exclusive possession of the methamphetamine when the warrant was executed.  He was dressed only in shorts that had no pockets.  Thus, the State was required to affirmatively link him to the methamphetamine.

According to Officer Steve Myers, a member of the crime response team, when his team entered the premises, an individual was seen running into the first bedroom.  The door was locked, and after officers kicked it open, appellant had already assumed a position on the floor that is customary when being arrested.  His hands were approximately two feet from the trash can containing the Altoids can.  Marshall was running toward the closet where two females were hiding.

Although appellant’s wallet was not found on his person, it contained his identification, a citation with his name and the address of the premises, and $460 in tens and twenties.  
See generally
 Herrera v. State, 561 S.W.2d 175, 177-78 (Tex.Cr.App. 1978) (linking the defendant to the contraband where receipts, utility statements, a contract, and lease bore his name and address).  
See
 
also
 Cooper v. State, 852 S.W.2d 678, 682 (Tex.App.–Houston [14th Dist.] 1993, pet. ref’d) (linking the defendant to the narcotics where his wallet was found in an adjacent bedroom).  The seized methamphetamine weighed eight grams, which an officer testified was approximately 80 dosage units, an amount in excess of personal use and indicative of dealing.  Several officers also testified that small baggies and digital scales indicate an intent to sell narcotics for profit.  The evidence establishes that appellant exercised care, custody, and control of the methamphetamine, and his behavior in assuming the position of an arrestee when the bedroom door was kicked open indicates he knew he possessed contraband. 

Defense counsel attempted to show that any of the three other occupants of the bedroom could have thrown the Altoids can into the trash can and that numerous detainees gave “1005 Grace” as their address.  He also tried to establish that $460 is not a large amount of cash given the potential profit eight grams of methamphetamine could have yielded.  Additionally, counsel made an effort at trial to show the digital scale was not operational.  It was the jury’s function to 
resolve any conflict of fact, weigh the evidence, and evaluate the credibility of the witnesses. 
 See
 Adelman v. State, 828 S.W.2d 418, 421-22 (Tex.Cr.App. 1992).
    

The logical force of the evidence demonstrates that appellant’s connection to the methamphetamine was more than just fortuitous.  His wallet contained a citation bearing the address of the run-down house located at 1005 Grace which generated numerous complaints.  The digital scale, plastic baggies, large amount of methamphetamine, and cash all established intent to deliver.  Viewing the evidence under 
Jackson
 and 
Zuniga
, we conclude it is sufficient to support appellant’s conviction.  Issues one and two are overruled. 

Accordingly, the trial court’s judgment is affirmed.

Don H. Reavis

    Justice

Do not publish.