PD-0527&0528-15

PD-0527-15 & PD-0528-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/6/2015 3:16:27 PM
Accepted 5/7/2015 1:05:02 PM
ABEL ACOSTA
CLERK

No. _____

IN THE

# TEXAS COURT OF CRIMINAL APPEALS

Nos. 01-14-00343-CR and 01-14-00344-CR

In the First Court of Appeals
of Texas

**Damion Cornelius Gordwin,** *Appellant*

v.

**The State of Texas,** *Appellee*

## Appellant's Amended Petition for Discretionary Review

FILED IN
COURT OF CRIMINAL APPEALS

May 7, 2015

ABEL ACOSTA, CLERK

Jerald K. Graber
TSB # 08240320
917 Franklin, Suite 510
Houston, Texas 77002
Tel. 713-224-232
graberlaw@sbcglobal.net
Attorney for Appellant

## Statement Regarding Oral Argument

Appellant waives oral argument.

# IDENTITY OF ALL INTERESTED PARTIES

Pursuant to TEX. R. APP. P. 68.4(a), the following persons are interested parties:

Appellant

Mr. Damion Gordwin
Harris County Jail
1200 Baker St.
Houston, TX 77002


Trial Judge

The Honorable Katherine Cabaniss
248th District Court
1201 Franklin
Houston, Texas 77002


Attorneys for State

Ms. Molly Wurzer (in trial)
Mr. Alan Curry (on appeal)
Harris County DA's Office
1201 Franklin, 6th Floor
Houston, Texas 77002


Attorney for Appellant

Mr. James Sims (in trial)

Mr. Jerald K. Graber (on appeal)
917 Franklin, Suite 510
Houston, Texas 77002

# Table of Contents

**Page**

STATEMENT REGARDING ORAL ARGUMENT                    2

IDENTITY OF INTERESTED PARTIES                       3

TABLE OF CONTENTS                                    4

INDEX OF AUTHORITIES                                 5

STATEMENT OF THE CASE                               7

STATEMENT OF PROCEDURAL HISTORY                     8

APPELLANT'S GROUNDS FOR REVIEW                      8

REASON FOR REVIEWING GROUND FOR REVIEW             8

ARGUMENT                                            9

CONCLUSION and PRAYER FOR RELIEF                   15

CERTIFICATE OF COMPLIANCE                          15

CERTIFICATE OF SERVICE                             16

# Index of Authorities

| **Cases** | **Page** |
|---|---|
| *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) | 10, 12 |
| *Ervin v. State*, 331 S.W.3d 49, 55 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) | 11, 13 |
| *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006) | 11 |
| *Hyett v. State*, 58 S.W.3d 826, 830 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) | 11 |
| *In re Winship*, 397 U.S. 358, 361, 90 S. Ct. 1068, 1071, 25 L. Ed. 2d 368 (1970) | 10, 13 |
| *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560, (1979) | 10, 12 |
| *King v. State*, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995) | 11, 13 |
| *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009) | 10, 13 |
| *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005) | 11 |
| *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007) | 10, 13 |

## Statutes, Codes and Rules

Tex. Health & Safety Code § 481.002(38)                                    11

Tex. Pen. Code § 1.07(a)(39)                                               11

Tex. Pen. Code § 37.09(d)(1)                                               13

Tex. R. App. Proc. 66.3 (c) and (f)                                        8

**To the Honorable Court of Criminal Appeals:**

## Statement of the Case

Appellant was charged by indictment with the felony offenses of tampering with physical evidence in cause number 1397495 and possession of a controlled substance in cause number 1397496. (CR 9, 9)[1]. Appellant entered a plea of not guilty and the cases were tried before a jury. (RR III 10). The jury found appellant guilty of both charges. (RR III 171-172). After a sentencing hearing, the jury sentenced appellant to three years in prison on the tampering with evidence case and two years in prison on the possession of a controlled substance case. (RR V 55).

Appellant timely filed a written notice of appeal. (CR 57, 58). The trial court certified the defendant's right of appeal. (CR 56, 57). Appellant requests oral argument in this case.

---

1- Cause number 1397495 is cited first, followed by cause number 1397496.

## Statement of Procedural History

On April 30, 2015, a panel of the First Court of Appeals issued an un-published opinion affirming the trial court's judgments in these two cases. Appellant files this first petition for discretionary review with this Court.

## Appellant's Ground for Review

1) The Court of Appeals erred in finding that the evidence is sufficient to support the conviction of possession of a controlled substance since appellant never maintained care, custody, or control over the cocaine that was found in a baggie in a toilet.

2) The Court of Appeals erred in finding that the evidence is sufficient to support the conviction of tampering with evidence under the theory that appellant "concealed" the evidence. The indictment and jury charge did not allege that appellant "concealed" the evidence. The evidence is insufficient to support the conviction for tampering with evidence since appellant did not alter or destroy the cocaine that was found in a baggie in a toilet.

## Reason for Reviewing Appellant's Ground for Review

The lower Court's ruling should be reviewed pursuant to Tex. R. App. P. 66.3(c) and (f).

## Argument

The evidence is insufficient to support the conviction for possession of a controlled substance since appellant never maintained care, custody, or control over the cocaine that was found in a baggie in a toilet. Appellant never touched the cocaine or the baggie containing the cocaine. In fact, the police indicated that they never saw appellant put any item into the toilet. While the testimony established that the officers saw appellant flush the toilet numerous times, there is no evidence that appellant ever possessed the cocaine. Therefore, the Court of Appeals erred in finding that the evidence is sufficient to support the verdict.

Also, the evidence is insufficient to support the conviction for tampering with physical evidence since appellant did not alter or destroy the cocaine that was found in a baggie in a toilet. The indictment and jury charge alleged that appellant actually altered or destroyed the physical evidence. The Court of Appeals erred in finding that the evidence is sufficient to support the verdict under the theory that appellant "concealed" the evidence. However, the indictment and jury charge did not allege that appellant "concealed" the evidence. The only evidence that was presented to the jury was that appellant flushed the toilet that contained the baggie of cocaine that was put there by the

9

co-defendant. The physical evidence that was seized by the police was never altered or destroyed.

<u>Possession of a Controlled Substance – Cause Number 1397496</u>

The *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010); *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560, (1979). Under this standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational factfinder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. at 319, 99 S. Ct. at 2789; *In re Winship*, 397 U.S. 358, 361, 90 S. Ct. 1068, 1071, 25 L. Ed. 2d 368 (1970); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Viewed in a light favorable to the verdict, the evidence is insufficient when either: (1) the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense; or (2) the evidence conclusively establishes a reasonable doubt. *Laster*

10

*v. State*, 275 S.W.3d at 518. This standard applies equally to both direct and circumstantial evidence. *King v. State*, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995); *Ervin v. State*, 331 S.W.3d 49, 55 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).

Possession is defined as "actual care, custody, control, or management." Tex. Pen. Code § 1.07(a)(39) (West 2011); Tex. Health & Safety Code § 481.002(38). To prove unlawful possession of a controlled substance, the State must establish that (1) the accused exercised care, control, or management over the contraband, and (2) knew the substance was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). The evidence must establish that the accused's connection with the substance was more than fortuitous. *Id.* at 405-06. Evidence must link the accused to the offense so that one reasonably may infer that the accused knew of the contraband's existence and exercised control over it. *Hyett v. State*, 58 S.W.3d 826, 830 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). Mere presence at the location where the controlled substance was found is insufficient, by itself, to establish possession. *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006).

In this case, there is no evidence that appellant actually exercised care, custody, or control over the subject cocaine. The testimony established that Christopher Hutchinson discarded the baggie of cocaine into the toilet. There

11

is no evidence that appellant ever touched the cocaine or the baggie containing the cocaine. In fact, the police indicated that they never saw appellant put any item into the toilet. (RR III 92, 142). While the testimony established that the officers saw appellant flush the toilet numerous times, there is no evidence that appellant ever exercised care, control, or management over the contraband. Thus, the evidence is insufficient to support the jury's verdict, and this court should enter a judgment of acquittal on the possession of a controlled substance conviction.

Tampering with Physical Evidence – Cause Number 1397495

The *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010); *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560, (1979). Under this standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational factfinder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. at 319, 99 S. Ct. at 2789; *In re Winship*,

397 U.S. 358, 361, 90 S. Ct. 1068, 1071, 25 L. Ed. 2d 368 (1970); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Viewed in a light favorable to the verdict, the evidence is insufficient when either: (1) the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense; or (2) the evidence conclusively establishes a reasonable doubt. *Laster v. State*, 275 S.W.3d at 518. This standard applies equally to both direct and circumstantial evidence. *King v. State*, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995); *Ervin v. State*, 331 S.W.3d 49, 55 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).

A person commits the offense of tampering with physical evidence (as specifically charged in the indictment) if, knowing that an offense had been committed, alter or destroy a thing, namely cocaine, with intent to impair its verity as evidence in any subsequent investigation of or official proceeding related to the offense. (CR 9); Tex. Pen. Code § 37.09(d)(1).

In this case, the evidence is insufficient to support a conviction for tampering with physical evidence since there is no evidence that appellant actually altered or destroyed the cocaine that was found in the toilet. The indictment and the jury charge in this case did not allege that appellant concealed the evidence, one of the methods in which one could commit the

13

offense under § 37.09(d)(1); (CR 9, 39-43). The indictment and the jury charge only alleged that appellant altered or destroyed the physical evidence. (CR 9). Therefore, the Court of Appeals erred in finding (1) that "the jury could have found that [appellant] "conceal[ed]" the evidence, (2) that "the jury could have reasonably inferred that appellant concealed the cocaine that the officers recovered from the toilet, and (3) that "the jury could have reasonably found that appellant concealed…cocaine." *Gordwin v. State*, No. 01-14-00343-CR (April 30, 2015, unpublished), pgs. 8-10. The jury was not authorized to convict under the theory that appellant "concealed" the evidence.

The only evidence that was presented to the jury was that appellant flushed the toilet that contained the baggie of cocaine that was put there by the co-defendant. There is no evidence that the physical evidence was ever altered or destroyed. In fact, since the cocaine was inside a plastic baggie, it was shown that the cocaine was not altered at all. Furthermore, since the cocaine was retrieved by the police, the evidence was not destroyed in any way. In this case, the most that the State could prove was that appellant committed the offense of attempted tampering with physical evidence. However, since the elements of tampering with physical evidence were not proven by the State, appellant requests that this Court acquit him of the offense of tampering with physical evidence.

14

## Conclusion and Prayer

Appellant prays that this Honorable Court grant Appellant's Petition for Discretionary Review, reverse the decision of the Court of Appeals, and acquit appellant in each cause.

Respectfully Submitted,

/s/ *Jerald Graber*

Jerald K. Graber
917 Franklin, Suite 510
Houston, Texas  77002
713-224-2323
Attorney for Appellant

## Certificate of Compliance

I, Jerald K. Graber, do certify that this petition is in compliance with Rule 9 since the entire document consists of 2,250 words and is typed using 14-point font.

/s/ *Jerald Graber*

Jerald K. Graber

15

## Certificate of Service

I hereby certify that a copy of this PDR was served upon the following

parties via e-file:

Alan Curry
Harris County District Attorney's Office
1201 Franklin, 6th Floor
Houston, TX 77002

State Prosecuting Attorney
P.O. Box 12405
Austin, Texas 78711

/s/ *Jerald Graber*

Jerald K. Graber

16

Opinion issued April 30, 2015



In The

# Court of Appeals

For The

# First District of Texas

———————————

NO. 01-14-00343-CR
NO. 01-14-00344-CR

———————————

**DAMION CORNELIUS GORDWIN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

———————————

On Appeal from the 248th District Court
Harris County, Texas
Trial Court Case Nos. 1397495 & 1397496

# MEMORANDUM OPINION

A jury found appellant, Damion Cornelius Gordwin, guilty of the offenses of tampering with physical evidence[1] and possession of a controlled substance, namely cocaine, weighing less than one gram.[2] It assessed his punishment at confinement for three years for tampering with physical evidence and confinement for two years for possession of a controlled substance, with the sentences to run concurrently. In three issues, appellant contends that the evidence is insufficient to support his convictions and the trial court erred in entering a deadly weapon finding in its judgment.

We affirm.

## Background

Houston Police Department ("HPD") Officer M. Santuario testified that on August 9, 2013, while working in the HPD Narcotics Division, he and other law enforcement officers "serve[d] and execute[d] a [no knock] search warrant" at a residence. Santuario acted as the "case agent" and the "pointman" for the entry

---

[1] See TEX. PENAL CODE ANN. § 37.09(d)(1) (Vernon Supp. 2014); appellate cause number 01-14-00343-CR; trial court cause number 1397495.

[2] See TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), 481.115(a), (b) (Vernon 2010); appellate cause number 01-14-00344-CR; trial court cause number 1397496.

2

team. HPD Officer J. Elkins "breached the [front] door" of the residence, while HPD Officer Delacerta deployed the "flash bang."[3]

As Officer Santuario entered the residence, he saw appellant, who "was armed," and Christopher Hutchinson run into a hallway and then into a restroom. He followed them because "[n]ormally in a situation like th[is]" people run to "discard or destroy narcotics." When Santuario arrived in the restroom, he saw Hutchinson "kneeling down in front of the toilet," "on the floor," while appellant threw a small "pistol" onto the restroom floor and then flushed the toilet repeatedly. The "pistol" "was a [loaded] semiautomatic[,] . . . small silver gun," with "a round in the chamber." Although Santuario ordered appellant to "stop" flushing the toilet, he refused and "[c]ontinued flushing or pulling the [toilet] lever." When Santuario tried to remove appellant from the toilet, he resisted.

While appellant flushed the toilet, Hutchinson "had his hands in the toilet bowl," and Officer Santuario "saw something leave his hands." As Santuario explained: "[I]t was [a] couple things that were small[, which] [l]ooked like plastic bags . . . ." Generally, people do not "flush empty plastic bags down the toilet," but rather "narcotics." Thus, it appeared to Santuario that appellant and Hutchinson were working together to flush the items down the toilet. When Officer Elkins commanded Hutchinson to "stop" and "put his hands away from the

---

[3] Officer Santuario explained that a "flash bang" "is a distraction device" that makes a loud gunshot-like sound, flashes light, and releases minimal smoke.

3

toilet," he did not comply. Elkins, therefore, "reached in and basically yanked [Hutchinson] away from the toilet." After the officers removed appellant and Hutchinson from the restroom, they "handcuffed and . . . escorted [them] out of the residence."

Officer Santuario then took "a closer look at th[e] toilet" and "removed it from the base [on] the floor." Inside the toilet, he found "a small baggie that had crack cocaine in it." HPD officers also searched the remainder of the residence, appellant, and Hutchinson, and they recovered $2,103 in cash, marijuana and related paraphernalia, a "small digital scale," a beaker, a revolver, and a "baby bottle with what appeared to be codeine inside of it."

Officer Elkins testified that he assisted with the execution of the "no knock" search warrant at the residence. He breached the residence's front door with a "[b]attering device," and Officer Delacerta deployed the "flash bang." After Elkins followed Officer Santuario into the residence, Santuario yelled, "[r]unners," to alert the other officers that "individuals inside the residence [were] running." Generally, people run in situations such as this to "hide," "get rid of something," or to "get away from officers." Elkins saw appellant and Hutchinson run toward the restroom, and he and Santuario pursued.

Once inside the restroom, Officer Elkins saw appellant "discard" a "[s]ilver automatic pistol" onto the floor and Hutchinson "by the toilet area discarding

4

something inside the toilet." Hutchinson had his hands "inside the toilet," and it looked like he was "[d]iscarding items into the toilet." After Elkins commanded Hutchinson to "show his hands" and "get down on the ground," he did not comply. Although his focus was on Hutchison, Elkins saw appellant "reaching toward the lever of the toilet," "observed his hands on the lever," and could hear the toilet flushing. According to Elkins, the toilet "had been flushed several times." Eventually, Elkins "forcefully . . . pull[ed] [Hutchinson] off the toilet" and took him into custody. In a subsequent search of the restroom, Elkins saw Officer Santuario "recover a small bag of what appear[ed] to be crack cocaine out of the bottom of the toilet." HPD officers also recovered marijuana, codeine, and "another pistol" from the residence.

Mona Colca testified that she, as a criminalist with the controlled substances section of the HPD Crime Laboratory, "receive[s] and analyze[s] evidence" to "test it for the presence of controlled substances." She analyzed the "small bag" recovered from the toilet and found that it contained 0.83 grams of cocaine.

## Sufficiency of the Evidence

In his third issue, appellant argues that the evidence is insufficient to support his conviction for tampering with physical evidence because he did not "actually alter[] or destroy[] the cocaine that was found in the toilet." In his first issue, appellant argues that the evidence is insufficient to support his conviction for

5

possession of a controlled substance because "there is no evidence that [he] actually exercised care, custody, or control over the subject cocaine."

We review the legal sufficiency of the evidence by considering all of the evidence "in the light most favorable to the prosecution" to determine whether any "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). Our role is that of a due process safeguard, ensuring only the rationality of the trier of fact's finding of the essential elements of the offense beyond a reasonable doubt. *See Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). We give deference to the responsibility of the fact finder to fairly resolve conflicts in testimony, to weigh evidence, and to draw reasonable inferences from the facts. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). However, our duty requires us to "ensure that the evidence presented actually supports a conclusion that the defendant committed" the criminal offense of which he is accused. *Id.*

### Tampering with Physical Evidence

A person commits the offense of tampering with physical evidence if, knowing that an offense has been committed, he alters, destroys, or conceals any record, document, or thing, with intent to impair its verity, legibility, or availability as evidence in any subsequent investigation or official proceeding related to the

6

offense. TEX. PENAL CODE ANN. § 37.09(d)(1) (Vernon Supp. 2014). Here, the underlying indictment alleged that appellant, "knowing that an offense had been committed, to wit: POSSESSION OF CONTROLLED SUBSTANCE, ALTER[ED] AND DESTROY[ED] A THING, NAMELY, COCAINE with intent to impair its VERITY as evidence in any subsequent investigation of and official proceeding related to the aforesaid offense."

Officer Santuario testified that after he entered the residence, he followed appellant and Hutchinson as they ran into the restroom. Santuario found Hutchinson "kneeling down in front of the toilet," "on the floor," while appellant repeatedly flushed the toilet. As appellant continuously flushed the toilet, Santuario "saw something leave [Hutchinson's] hands." The "something" "was small . . . it wasn't just one, it was a couple of things that were small. [It] [l]ooked like plastic bags." Santuario did not see "anything else in the toilet" "[o]ther than the plastic bags" that he saw Hutchinson discard.

Officer Santuario explained that "normally" people run when officers enter a residence to "discard or destroy narcotics." And, based on his training and experience, "people [do not] flush empty plastic bags down [a] toilet." Instead, they flush "narcotics." And, after officers removed appellant and Hutchinson from the restroom, Santuario "removed [the toilet] from the base [on] the floor" and found "a small baggie that had crack cocaine in it."

7

Similarly, Officer Elkins testified that he saw appellant and Hutchinson run toward the restroom. Once inside the restroom, Elkins saw Hutchinson "by the toilet area discarding something inside the toilet." Hutchinson's hands were "inside the toilet," and he was "discarding items into the toilet." The only things that Elkins could see in the toilet were the "items" that Hutchinson was discarding. Elkins also saw appellant's "hands on the [toilet] lever," and he heard the toilet being "flushed several times." And Elkins saw Officer Santuario "recover a small bag of . . . crack cocaine out of the bottom of the toilet."

Appellant argues that "there is no evidence" that shows he "actually altered or destroyed the cocaine that was found in the toilet" because "the cocaine was inside a plastic baggie" and "retrieved by the police," and, thus, "not altered at all" or "destroyed in any way." We note, however, that appellant's argument neglects to consider that the jury was not required to find that he altered or destroyed the cocaine found in the single, "small baggie" recovered from the toilet. Rather, the jury could have found that he "conceal[ed]" the cocaine. *Id.* And Officer Santuario testified that he saw Hutchinson place a "couple" of "small," "plastic bags" in the toilet, which appellant repeatedly flushed. And, based on his training and experience, Santuario explained that "people [do not] flush empty plastic bags down [a] toilet," but instead, they flush "narcotics." Officer Elkins similarly

8

testified that Hutchinson "discard[ed] items into the toilet," which appellant was flushing.

"'Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt.'" *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012) (quoting *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)). Based on the above testimony, the jury could have reasonably inferred that appellant concealed the cocaine that the officers recovered from the toilet. Moreover, it could have reasonably inferred that cocaine, other than the cocaine recovered from the single baggie, was flushed down the toilet by appellant, and, thus, this other cocaine was altered or destroyed. *See Rabb v. State*, 434 S.W.3d 613, 617 (Tex. Crim. App. 2014) (noting "a fact finder could reasonably infer from the evidence that the baggie and pills were destroyed by their passage into [a]ppellant's body"); *Hooper*, 214 S.W.3d at 15 (fact finders permitted to draw reasonable inferences if supported by evidence); *see, e.g.*, *Diaz v. State*, Nos. 13-13-00067-CR, 12-13-00068-CR, 2014 WL 1266350, at *2 & n.3 (Tex. App.—Corpus Christi Jan. 23, 2014, no pet.) (mem. op., not designated for publication) (concluding jury could reasonably have inferred defendant destroyed cocaine by flushing it down toilet where "there was cocaine found around the rim of the toilet bowl and in the toilet water, and [defendant] had just exited the bathroom"); *Turner v. State*, No. 13-12-00335-CR,

9

2013 WL 1092194, at *2 (Tex. App.—Corpus Christi Mar. 14, 2013, no pet.) (mem. op., not designated for publication) (holding factfinder could have reasonably found defendant destroyed cocaine by swallowing based on circumstantial evidence officer saw baggie with "white or beige rock-like substance" in defendant's mouth and cocaine commonly packaged in such manner).

Viewing the evidence in the light most favorable to the jury's verdict, we conclude that the jury could have reasonably found that appellant concealed, altered, or destroyed cocaine. Accordingly, we hold that the evidence is sufficient to support his conviction of the offense of tampering with physical evidence.

We overrule appellant's third issue.

### *Possession of a Controlled Substance*

A person commits the offense of possession of a controlled substance if he "knowingly or intentionally possesses" less than one gram of cocaine. TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), 481.115(a), (b) (Vernon 2010). To prove that appellant committed this offense, the State had to establish beyond a reasonable doubt that he exercised control, management, or care over the cocaine and knew that it was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005); *see also* TEX. PENAL CODE ANN. § 1.07(a)(39) (Vernon Supp. 2014). Although the State need not prove exclusive possession of cocaine, it must

10

establish that a defendant's connection with the cocaine is more than fortuitous. *Evans v. State*, 202 S.W.3d 158, 161–62 (Tex. Crim. App. 2006); *Wiley v. State*, 388 S.W.3d 807, 813 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd). When a defendant is not in exclusive possession of the place where contraband is found, the State must show additional affirmative links between the defendant and the contraband. *Deshong v. State*, 625 S.W.2d 327, 329 (Tex. Crim. App. [Panel Op.] 1981); *Kibble v. State*, 340 S.W.3d 14, 18 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). Mere presence in the same place as contraband is insufficient, by itself, to establish actual care, custody, or control. *Evans*, 202 S.W.3d at 162. But, presence or proximity to contraband, when combined with other direct or circumstantial evidence, may be sufficient to establish possession. *Id.*

Texas courts have recognized that the following non-exclusive "affirmative links" may be sufficient, either singly or in combination, to establish a defendant's possession of narcotics: (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of narcotics;

11

(10) whether other contraband or narcotics paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the narcotics were found; (12) whether the place where the narcotics were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt. *Id.* at 162 n.12. It is not the number of links that is dispositive, but rather, the logical force of the evidence, both direct and circumstantial, that is dispositive to show possession. *Id.* at 162; *James v. State*, 264 S.W.3d 215, 219 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd).

Appellant argues that "there is no evidence that [he] actually exercised care, custody, or control over the subject cocaine" because the evidence at trial "established that . . . Hutchinson discarded the baggie of cocaine into the toilet," "the police indicated that they never saw appellant put any item into the toilet," and it was not shown that "appellant ever touched the cocaine or the baggie containing the cocaine."

Officer Santuario testified that appellant was present in the residence, which was equipped with surveillance equipment at the time law enforcement officers executed the search warrant. *See Evans*, 202 S.W.3d at 162 n.12, 163–64 (presence when search conducted constitutes affirmative link); *see, e.g.*, *Lavigne v. State*, No. 01-07-00995-CR, 2008 WL 3115385, at *3 (Tex. App.—Houston [1st

12

Dist.] Aug. 7, 2008, pet. ref'd) (mem. op., not designated for publication) (concluding evidence sufficient where defendant found inside residence "equipped with the extra security associated with a house dedicated to manufacturing crack"). Inside the residence, officers found letters addressed to appellant at the residence, pictures in the bedrooms, and male clothing that matched appellant's size. *See Evans*, 202 S.W.3d at 162 n.12, 164–65 (receiving mail at residence and presence of clothing raises reasonable inference defendant occupied residence); *Cooper v. State*, 852 S.W.2d 678, 681 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd) (concluding mail addressed to defendant, defendant's picture, and clothing appearing to fit defendant indicated defendant occupied residence).

When the officers entered the residence, appellant, along with Hutchinson, ran to the restroom, and Officer Santuario found appellant standing next to and flushing the toilet, from which he later recovered a "small baggie [of] crack cocaine." *See Evans*, 202 S.W.3d at 162 n.12 (proximity to narcotic, attempting to flee, and making furtive gestures constitute affirmative links); *see, e.g., Jordan v. State*, Nos. 02-12-00470-CR, 02-12-00471-CR, 02-12-00472-CR, 2014 WL 1663404, at *3 (Tex. App.—Fort Worth Apr. 24, 2014, no pet.) (mem. op., not designated for publication) (fleeing to restroom did not indicate an "innocent state of mind"); *Perez v. State*, No. 07-11-00249-CR, 2012 WL 1122704, at *4 (Tex. App.—Amarillo Apr. 4, 2012, no pet.) (mem. op., not designated for publication)

13

(concluding evidence sufficient to show possession where cocaine found in urinal "immediately adjacent to where [defendant] was standing"); *Garrett v. State*, 161 S.W.3d 664, 671 (Tex. App.—Fort Worth 2005, pet. ref'd) (evidence sufficient to show defendant possessed crack cocaine where defendant found flushing bags of crack cocaine down toilet).

Although Hutchinson, rather than appellant, "had his hands in the toilet bowl" and discarded "something" that "[l]ooked like plastic bags," Officer Santuario testified that it appeared that appellant and Hutchinson were working together to flush the items down the toilet. *See, e.g., Sanders v. State*, No. 11-12-00151-CR, 2014 WL 3882185, at *6 (Tex. App.—Eastland Aug. 7, 2014, pet. ref'd) (mem. op., not designated for publication) ("[Defendant's] attempt[] to aid his mother's attempt to destroy evidence when officers arrived at the house, indicat[ed] a consciousness of guilt on his part."); *Perez*, 2012 WL 1122704, at *4 ("[A]t the same time [defendant] was arrested, two other individuals whom [defendant] was observed to be standing very closely to, were observed attempting to throw away or conceal baggies of cocaine.").

Officer Santuario also saw appellant throw "a semiautomatic[,] . . . small silver gun," which was "loaded" with "a round in the chamber," onto the restroom

14

floor.[4] *See Porter v. State*, 873 S.W.2d 729, 733 (Tex. App.—Dallas 1994, pet. ref'd) (concluding presence of firearms in apartment where cocaine located constituted affirmative link). And a search of the remainder of the residence, appellant, and Hutchinson revealed $2,103 in cash, marijuana, and related paraphernalia, which had been sitting in "plain view" on a table, a "small digital scale," a beaker, a revolver, and a "baby bottle with what appeared to be codeine inside of it." *See Evans*, 202 S.W.3d at 162 n.12, 163–65 (presence of other contraband, narcotics paraphernalia, and large amount of cash constitute affirmative links); *Hargrove v. State*, 211 S.W.3d 379, 386 (Tex. App.—San Antonio 2006, pet. ref'd) (concluding presence of narcotics paraphernalia, including digital scale, and weapons in house constituted affirmative links).

Viewing the evidence in the light most favorable to the jury's verdict, we conclude that sufficient affirmative links connect appellant to the cocaine. And the jury could have reasonably inferred from the cumulative force of the evidence that appellant exercised actual care, custody, or control of the cocaine. *See Evans*, 202 S.W.3d at 166 (concluding evidence, "when viewed in combination and its sum total, constituted amply sufficient evidence"). Accordingly, we hold that the

---

[4] Officer Elkins similarly testified that he saw appellant "discard" a "silver automatic pistol" on the floor, saw appellant "reaching toward the lever of the toilet," "observed [appellant's] hands on the lever," and heard the toilet flushing. In a subsequent search of the restroom, Officer Santuario "recover[ed] a small bag of what appear[ed] to be crack cocaine out of the bottom of the toilet." And HPD officers recovered marijuana, codeine, and "another pistol" in the residence.

15

evidence is sufficient to support appellant's conviction of the offense of possession of a controlled substance.

We overrule appellant's first issue.

## Deadly Weapon Finding

In his second issue, appellant argues that the trial court erred in "entering a deadly weapon finding in the judgment for possession of a controlled substance" because "there [was] no express finding by the jury that [he] used or exhibited a deadly weapon, namely a firearm."

When a jury is the factfinder, it must make an affirmative finding concerning the use or exhibition of a deadly weapon before the trial court can enter a deadly weapon finding in its judgment. *Lafleur v. State*, 106 S.W.3d 91, 92 (Tex. Crim. App. 2003). "Affirmative finding" means an "express determination" by the jury that a deadly weapon was actually used or exhibited during the commission of the offense. *Polk v. State*, 693 S.W.2d 391, 393 (Tex. Crim. App. 1985). The jury makes the required affirmative finding when: (1) the indictment alleges the use or exhibition of a deadly weapon and the jury's verdict states that it found the defendant "guilty as charged in the indictment"; (2) the jury finds the defendant guilty as alleged in the indictment and, although the use of a deadly weapon is not specifically pleaded, the indictment alleges the use or exhibition of a weapon that is deadly per se; or (3) the jury affirmatively answers a special issue on the use or

16

exhibition of a deadly weapon. *Polk*, 693 S.W.2d at 396; *Johnson v. State*, 6 S.W.3d 709, 713–14 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd).

Here, the indictment specifically alleged the use or exhibition of a "deadly weapon" by appellant.[5] Officers Santuario and Elkins testified that appellant "was armed" and threw a "small silver gun" onto the restroom floor before he began flushing the toilet. And the jury, in its verdict, found appellant "guilty of possession of a controlled substance, namely, cocaine, . . . as charged in the indictment." Further, the trial court's charge to the jury included a question asking the jury to determine whether appellant used or exhibited a deadly weapon during the commission of the offense or during the immediate flight therefrom, and the jury answered the question in the affirmative. *See Polk*, 693 S.W.2d at 394; *Johnson*, 6 S.W.3d at 713–14.

Once the jury made the affirmative finding, the trial court was required to enter the finding in its judgment. *See* TEX. CODE CRIM. PROC. ANN. arts. 42.01, § 1(21), 42.12, § 3g(a)(2) (Vernon Supp. 2014); *Johnson*, 6 S.W.3d at 714 (when jury makes affirmative finding on use of deadly weapon, "entering the affirmative finding in the judgment is mandatory; the trial court has no discretion").

---

[5] The indictment states: "[A]t the time that the Defendant committed the felony offense of POSSESSION OF CONTROLLED SUBSTANCE on or about AUGUST 9, 2013, as hereinabove alleged, he used and exhibited a deadly weapon namely, a FIREARM, during the commission of said offense and during the immediate flight from said offense."

17

Accordingly, we hold that the trial court did not err in entering the deadly weapon finding in its judgment.

We overrule appellant's second issue.

## Conclusion

We affirm the judgment of the trial court.

Terry Jennings
Justice

Panel consists of Justices Jennings, Keyes, and Massengale.

Do not publish.   TEX. R. APP. P. 47.2(b).

18